

**ORDERED in the Southern District of Florida on March 15, 2018.**

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

MIAMI INTERNATIONAL MEDICAL CENTER, LLC[1]          Case No. 18-12741-LMI
d/b/a THE MIAMI MEDICAL CENTER,                      Chapter 11

    Debtor.

_____/

**INTERIM ORDER (A) AUTHORIZING DEBTOR IN POSSESSION TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 364(C) AND (D) AND FED. R. BANKR. P. 4001(C); AND (B) SCHEDULING FINAL HEARING**

    **THIS CAUSE** came before the Court on March 12, 2018, at 11:00 a.m. (the *"Interim Hearing"*) upon Miami International Medical Center, LLC's d/b/a The Miami Medical Center (the *"Debtor"*), Motion for Entry of Interim and Final Orders (A) Authorizing Debtor in Possession to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 364(c) and (d) and Fed.R.Civ.P. 4001(c), and (B) Scheduling Final Hearing [ECF No. 9] (the *"Motion"*).

---

[1] The Debtor's current mailing address is 5959 NW 7 St, Miami, FL 33126 and its EIN ends 4362.

1

The Court having reviewed the Motion, having heard arguments of counsel, having relied upon the Declaration In Support of First Day and Expedited Motions [ECF No. 12] to which no party in interest objected, and based upon the reasons set forth on the record which are incorporated herein by reference, makes the following **FINDINGS OF FACT for the limited purpose of entry of this Interim Order only**:

A.     On March 9, 2018 (the ***"Petition Date"***), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the ***"Bankruptcy Code"***), and an order for relief under section 301 of the Bankruptcy Code was entered in this case (the ***"Chapter 11 Case"***);

B.     The Debtor has been authorized to remain in possession of its property and to continue in the operation and management of its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code;

C.     This Court has jurisdiction over this proceeding, and over the property affected hereby, pursuant to 28 U.S.C. §§ 157(b) and 1334.  Consideration of the Motion constitutes a core proceeding as defined in and pursuant to 28 U.S.C. § 157(b)(2).  Venue for the Chapter 11 Case and for the proceedings on the Motion is proper in this district pursuant to 28 U.S.C. § 1408.  The statutory predicate for the relief sought in the Motion is Section 364 of the Bankruptcy Code.

D.     The Debtor has demonstrated its need to obtain postpetition financing pursuant to Section 364(c) and (d) of the Bankruptcy Code as the Motion to finance the payment of Payroll up to the amount of $40,000.  In the absence of the DIP Loan[2] provided by the

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Lender, the Debtor will be unable to pay Payroll and will be at risk of losing valued employees. The Debtor does not otherwise have sufficient funds available to fund Payroll.

E.      Given the Debtor's current financial condition, lack of cash flow, as well as the timing of the need for the DIP Loan to fund Payroll, coupled with the Debtor's reasonable belief it cannot obtain post-petition financing on terms more favorable than those under the DIP Loan, the Debtor has not obtained financing on terms more favorable than those provided by the Lender.  The Debtor has been unable to obtain credit allowable solely as an administrative expense pursuant to Sections 364(b), 364(c), and 503(b) of the Bankruptcy Code.

F.      There is an urgent need to pay Payroll and immediate and irreparable damage may be caused to the estate if immediate and interim relief is not granted before a final hearing on the Motion (the ***"Final Hearing"***).

G.      The proposed financing from the Lender is fair and reasonable in all respects. As provided herein, creditors and parties in interests will have an opportunity to raise objections prior to the Final Hearing.  The Term Sheet filed with the Court at ECF No. 9 is fair and reasonable and approved only to the extent of the Payroll budget line item in the amount of $40,000.00.

H.      The Lender is extending financing to the Debtor in good faith and, therefore, should be accorded the protections of Sections 364(e) of the Bankruptcy Code.

I.      The Court finds that the payment of $40,000 for payroll is necessary to avoid immediate and irreparable harm to the estate pending the Final Hearing on the Motion.

J.      Based on the Debtor's proffer and representations by its counsel on the record at the hearing, that notice of the Motion and the Interim Hearing was provided by the Debtor to, among others, the Debtor's secured creditors, all parties that have requested notice in this

Chapter 11 Case, all parties asserting a lien on the Assets, and the Office of the United States Trustee, the Court finds that this notice was sufficient under the circumstances and pursuant to Fed. R. Bankr. P. 4001(c)(1)(C).

The Court, having reviewed the Motion, having heard arguments of counsel, and based upon the reasons set forth on the record which are incorporated herein by reference, hereby **ORDERS** that:

1.       The Motion is **GRANTED, as modified,** on an interim basis as set forth herein.

2.       The Debtor is authorized, on an interim basis, to obtain postpetition financing from the Lender in the amount of up to $40,000.00 (for Payroll per the Budget) pursuant to Section 364(c)(2) and (3), and (d), of the Bankruptcy Code subject to the terms and conditions set forth in the Motion and Term Sheet (the ***"$40k Advance"***).

3.       The Debtor is authorized to take any and all actions necessary to effectuate the postpetition financing on an interim basis.

4.       The Lender is authorized to make the $40k Advance to the Debtor immediately upon the entry of this Order.

5.       Effective immediately upon the entry of this Order, the Lender is hereby granted, in the amount of any funded portion of the $40k Advance, a first priority lien on all assets of the Debtor as more fully described in the Term Sheet except for any assets subject to the senior liens and security interests held by MidFirst Bank's existing liens. The lender is not receiving a lien on any additional collateral or on any Chapter 5 causes of action or proceeds thereof. The Debtor and Lender have agreed and this Court rules that the liens granted to Lender shall not impair the liens on any of MidFirst Bank's collateral including cash and accounts receivable.

6.      The payment priority granted hereunder to Lender shall be subject to a carve-out for fees due the clerk of the Court or the United States Trustee pursuant to 28 U.S.C. § 1930 (the *"Carveout"*).  No such carveout shall apply to MidFirst Bank's collateral including cash and accounts receivable.

7.      With respect to the $40k Advance, the Lender is accorded the protections of Sections 364(e) of the Bankruptcy Code, and unless this Order is stayed pending appeal or otherwise prior to the funding of the $40k Advance, the reversal or modification on appeal of the approval of the DIP Loan shall not affect the validity of the DIP Loan or the priority of the liens granted to Lender to the extent of the $40k Advance. Moreover, in the event this Court modifies any of the provisions of this Order or the DIP Loan following a further hearing, then such modification shall not affect the rights and priorities granted to Lender pursuant to this Order with respect to the liens granted hereby, the DIP Loan and any portion of the indebtedness which arises or is incurred, advanced or paid pursuant to this Order and the DIP Loan, prior to such modification (or otherwise arising prior to such modification).

8.      This Order shall be sufficient and conclusive evidence of the validity, perfection and priority of the liens granted hereunder without the necessity of filing or recording any financing statement, deeds of trust, mortgage or other instrument or document which otherwise may be required under the laws of any jurisdiction or federal or state governmental agency or the taking of any actions necessary to perfect such liens. Notwithstanding the foregoing, Lender may, in its sole discretion, file such financing statements, notices of lien, or similar instruments or otherwise confirm perfection of such liens and security interests without seeking modification of the automatic stay under section 362 of the Bankruptcy Code, and all such documents shall be

deemed to have been filed or recorded at the time of and on the Petition Date and all recording fees and expenses shall be borne by the Debtor.

9.      The fourteen (14) day stay provisions of Bankruptcy Rule 6004(h), to the extent applicable, are waived and shall not apply to this Interim Order. This Interim Order shall be immediately effective upon entry.

10.      This Order shall constitute findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding by Fed. R. Bankr. P. 9014, for the limited purpose of the entry of this Interim Order only.

11.      The entry of this Order constitutes the granting of temporary and interim relief pursuant to Rule 4001(c) of the Federal Rules of Bankruptcy Procedure, and a further interim hearing on this matter shall be held **March 19, 2018 at 9:30 a.m.** at the C. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, Courtroom 8, Miami, Florida 33128.

###

**Submitted By:**
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Proposed Counsel for Debtor in Possession*
200 South Biscayne Boulevard, Ste 3200
Miami, Florida 33131
Telephone:      (305) 358-6363
Telefax:      (305) 358-1221
**Copies Furnished To:**
Peter D. Russin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.