

**ORDERED in the Southern District of Florida on January 15, 2019.**

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

MIAMI INTERNATIONAL MEDICAL CENTER, LLC[1]          Case No. 18-12741-LMI
d/b/a THE MIAMI MEDICAL CENTER,                      Chapter 11

      Debtor.
_____/

### ORDER CONFIRMING FIRST AMENDED
### LIQUIDATING CHAPTER 11 PLAN PROPOSED BY DEBTOR

Miami International Medical Center, LLC d/b/a The Miami Medical Center (the

"*Debtor*"), having filed its *First Amended Liquidating Chapter 11 Plan*, dated December 3, 2018

---

[1]The Debtor's current mailing address is 5959 NW 7 St, Miami, FL 33126 and its EIN ends 4362.

[ECF No. 469](the *"Plan"*);[2] the United States Bankruptcy Court for the Southern District of Florida (the *"Court"*) having held a hearing concerning confirmation of the Plan on January 11, 2019 (the *"Confirmation Hearing"*) pursuant to its Order (I) Granting Debtor's Motion [ECF No. 417], (II) Approving Disclosure Statement, (III) Setting Hearing on Confirmation of Plan, (IV) Setting Hearing of Fee Applications, (V) Setting Various Deadlines, and (VI) Describing Plan Proponents Obligations [ECF No. 475](the *"Solicitation Order"*); the Court, by order dated December 3, 2018 [ECF No. 475](the *"Disclosure Statement Order"*), having determined that the First Amended Disclosure Statement Under 11 U.S.C §1125 In Support of the Liquidating Chapter 11 Plan and related exhibits thereto filed by the Debtor, dated December 3, 2018 [ECF No. 470](the *"Disclosure Statement"*) contains adequate information regarding the Plan; the Debtor having distributed the Plan and Disclosure Statement for balloting in accordance with Title 11 of the United States Code (the *"Bankruptcy Code"*), the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*), and the Solicitation Order; the Debtor having timely and properly tabulated the ballots in favor of acceptance or rejection of the Plan and submitted the results of balloting to the Court; the Court having considered the affidavit of Jeffrey Mason [ECF No. 528](the *"Confirmation Affidavit"*) and his proffered testimony at the Confirmation Hearing; the Court having found the testimony of Mr. Mason to be credible; the Court having taken judicial notice and considered the papers filed in the Chapter 11 case of the Debtor; the Court having heard and considered the arguments of counsel; the Court having determined that due and proper notice of the Plan, the Disclosure Statement, and the Confirmation Hearing was given to all creditors and parties-in-interest sufficient to satisfy the requirements of the

---

[2] All capitalized terms used in this Order that are not defined herein shall have the same meaning ascribed to them in the Plan.

Bankruptcy Code, the Bankruptcy Rules, all Orders of this Court, applicable nonbankruptcy law, and due process; noting no objections to confirmation of the Plan were filed; and notice of the Confirmation Hearing having been deemed good and sufficient notice; after due deliberation and sufficient cause appearing therefore,

**IT IS FOUND AND DETERMINED THAT:[3]**

A.    <u>Jurisdiction and Venue</u>.    The Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2) and this Court has jurisdiction to enter a final order with respect thereto.  Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

B.    <u>Commencement of the Case</u>.    On March 9, 2018 (the ***"Petition Date"***), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, as now in effect or as hereafter amended (the ***"Bankruptcy Code"***), and an order for relief under section 301 of the Bankruptcy Code was entered.

C.    <u>Judicial Notice</u>.    The Court takes judicial notice of the docket in this Chapter 11 case maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at, the hearings held before the Court during the pendency of this Chapter 11 case.

---

[3] The findings of fact and conclusions of law contained herein constitute findings of fact and conclusions of law required to be entered by the Court pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rule 7052 and 9014 of the Bankruptcy Rules.  To the extent necessary, a finding of fact shall be considered a conclusion of law and a conclusion of law shall be considered a finding of fact.

D.    <u>Oral Findings of Fact Incorporated</u>.  All oral findings of fact and conclusions of law entered by the Court at the Confirmation Hearing are incorporated herein by this reference, in accordance with Bankruptcy Rule 7052(a).

E.    <u>Confirmation Hearing</u>.  On January 11, 2019, the Court, pursuant to Bankruptcy Code § 1128 and Bankruptcy Rule 3020(b)(2), conducted a hearing to consider confirmation of the Plan ("***Confirmation Hearing***").

F.    <u>Solicitation Order</u>.  The Solicitation Order:  (i) scheduled January 11, 2019 at 9:30 a.m. as the Confirmation Hearing; (ii) set December 28, 2018 as the deadline for submission of Ballots to accept or reject the Plan (the "***Voting Deadline***"); (iii) approved the form and method of notice of the Confirmation Hearing (the "***Confirmation Hearing Notice***"); (iv) set December 28, 2018 as the deadline for submitting objections to confirmation of the Plan (the "***Confirmation Objection Deadline***"); and (v) established certain procedures for soliciting and tabulating votes with respect to the Plan.

G.    <u>Solicitation of Votes</u>.  The Debtor used the Disclosure Statement to solicit votes to accept or reject the Plan from those creditors who are impaired and entitled to vote under the Plan: Class 3 (Allowed Secured Claim of NMFLP, LLC as assignee of MidFirst Bank), Class 4 (Allowed Secured Claim of Olympus America, Inc.), Class 5 (Allowed General Unsecured Claims), and Class 6 (Allowed General Unsecured Claims of VCH).

H.    <u>Transmittal of Solicitation Packages</u>.  The Debtor served Solicitation Packages upon holders of Claims and Equity Interests which included: (i) copies of the Disclosure Statement and Plan; (ii) the Solicitation Order; and (iii) a Court-approved Solicitation Letter and Ballot.  The foregoing materials were served in accordance with Bankruptcy Rules 3017(d) and 3017(f), the Solicitation Order and prior Court order.

I.    <u>Ballot Report</u>.  The Debtor filed the Ballot Report on January 8, 2019, which certifies the method and results of the ballot tabulation for each Class entitled to vote to accept or reject the Plan [ECF No. 530].

J.    <u>Transmittal and Mailing of Materials; Notice</u>.  In accordance with Bankruptcy Rule 2002, the Court finds and concludes that the Debtor timely transmitted notice of the date, time and place for the Confirmation Hearing, the Voting Deadline, the Confirmation Objection Deadline, and all bar dates included in the Solicitation Order on holders of Claims and Equity Interests and all other parties-in-interest.  Any party in interest required to receive notice of the Confirmation Hearing and associated deadlines has received due, proper and adequate notice thereof and had sufficient opportunity to appear and be heard at the Confirmation Hearing. Further, the Disclosure Statement, Plan, Ballots, and Solicitation Order, were transmitted and served in compliance with the Solicitation Order, the Bankruptcy Rules, the Bankruptcy Code, the local rules of the Court, and all other applicable laws, rules and regulations.  No other or further notice is or shall be required.

K.    <u>Solicitation</u>.  In accordance with Bankruptcy Code § 1126(b), the Court finds and concludes that: (i) the solicitation of votes to accept or reject the Plan complied with all applicable non-bankruptcy law, rules and regulations governing the adequacy of disclosure in connection with the solicitation; and (ii) the solicitation was conducted after disclosure of adequate information, as defined in Bankruptcy Code § 1125(a).

L.    <u>Ballots</u>.  All procedures used to distribute solicitation packages to the holders of Claims and Equity Interests and to tabulate Ballots were fair, properly conducted, in good faith, and in accordance with the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Court, and all other applicable laws, rules, and regulations.

M.      Impaired Classes under the Plan.  As set forth more fully in the Plan, Classes 3, 4, 5, 6, and 7 (collectively, the *"Impaired Classes"*) are impaired under the Plan as that term is defined in Bankruptcy Code § 1124. Aside from Class 7 (Equity Interests in the Debtor), Impaired Classes were entitled to submit votes to accept or reject the Plan.

N.      Impaired Classes That Have Voted to Accept the Plan.  The Ballot Report indicates that at least two-thirds in dollar amount and more than half in number of the holders of Classes 3, 4, 5, and 6 who voted on the Plan accepted it and Class 7 was deemed to reject the Plan.  Thus, at least one impaired class of claims, determined without including any acceptance by an insider of any of the Debtors, has voted to accept the Plan.

O.      The Plan Complies with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  As detailed below, the Plan complies with all applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(1):

1.      Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).  In addition to Administrative Claims and Professional Claims, Article III of the Plan designates six Classes of Claims and one Class of Interests in the Debtor.  The Claims and Interests placed in each Class are substantially similar to other Claims or Interests in such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Interests.  Accordingly, the Plan satisfies Bankruptcy Code §§ 1122 and 1123(a)(1).

2.      Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  As indicated at Section 3.1 of the Plan, Class 1, 2A, and 2B are listed as Unimpaired Classes of Claims and Interests.  Accordingly, the Plan satisfies Bankruptcy Code § 1123(a)(2).

3.      Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  Article III of the Plan specifies the Classes of Claims and Interests that are Impaired under the Plan, as well as their treatment.  Accordingly, the Plan satisfies Bankruptcy Code § 1123(a)(3).

4.      No Discrimination (11 U.S.C. § 1123(a)(4)).  The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to less favorable treatment with respect to such Claim or Interest.  Accordingly, the Plan satisfies Bankruptcy Code § 1123(a)(4).

5.    <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan provides adequate and proper means for implementation of the Plan, including, without limitation:  (a) the creation of the Liquating Trust; (b) contribution of the Debtor's assets to the Liquidating Trust;  (c) the dissolution of the Debtor following the Effective Date; (d) procedures for making distributions; and (e) the execution, delivery, filing or recording of all contracts, instruments, releases, indentures, and other agreements or documents relating to the foregoing.  Accordingly, the Plan satisfies Bankruptcy Code § 1123(a)(5).

6.    <u>Prohibition Against Issuance of Non-Voting Equity Securities and Provisions for Voting Power of Classes of Securities (11 U.S.C. § 1123(a)(6))</u>.  The Plan contemplates the liquidation of the Debtor and the vesting of its assets in the Liquidating Trust on the Effective Date.  Accordingly, Bankruptcy Code § 1123(a)(6) is inapplicable.

7.    <u>Selection of Officers and Directors (11 U.S.C. § 1123(a)(7))</u>.  The Plan contemplates the liquidation of the Debtor and the vesting of its assets in the Liquidating Trust on the Effective Date.  The Plan properly and adequately discloses the identity and affiliations of all individuals proposed to serve on or after the Effective Date as a Liquidating Trustee of the Liquidating Trust and on the Liquidating Trust Oversight Committee.  The appointment of such Liquidating Trustee and the Liquidating Trust Oversight Committee is consistent with the interests of the holders of Claims against and Interests in the Debtor, and with public policy.  Accordingly, the Plan satisfies Bankruptcy Code § 1123(a)(7).

8.    <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for:  (a) distributions to holders of Claims; (b) the disposition of executory contracts; (c) the retention and/or transfer of, and right to enforce, sue on, settle, or compromise (or refuse to do any of the foregoing) certain claims or causes of action against third parties, to the extent not waived or released under the Plan; (d) resolution of Disputed Claims; and (e) certain releases by the Debtor and holders of certain Claims.  Accordingly, the Plan satisfies Bankruptcy Code § 1123(b).

9.    <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a).

P.    <u>Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(2). The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices, and in soliciting and tabulating votes on the Plan.

Q.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code § 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of this Chapter 11 case and the formulation of the Plan.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor and the recovery to Claim holders under the circumstances of this Chapter 11 case.

R.    <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Any payment made or to be made by Debtor (or by the Liquidating Trustee on behalf of the Liquidating Trust) for services or for costs and expenses in connection with this Chapter 11 case, including all administrative expense claims under Bankruptcy Code § 503, or in connection with the Plan and incident to this Chapter 11 case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code § 1129(a)(4).

S.    <u>Directors and Officers (11 U.S.C. § 1129(a)(5))</u>.  The Debtor has complied with Bankruptcy Code § 1129(a)(5) by disclosing in the Plan the identity and affiliations of all individuals and entities proposed to serve, after confirmation of the Plan, as Liquidating Trustee of the Liquidating Trust and on the Liquidating Trust Oversight Committee.  Such appointments are consistent with the interests of the creditors and with public policy, thereby satisfying Bankruptcy Code § 1129(a)(5).

T.    <u>No Government Regulation of Rates (11 U.S.C. §1129(a)(6))</u>.  Bankruptcy Code § 1129(a)(6) is satisfied because the business of the Debtor is not subject to governmental regulation of rates.

U.     Best Interests Test (11 U.S.C. § 1129(a)(7)).  The Plan satisfies Bankruptcy Code § 1129(a)(7).  The Disclosure Statement, the Confirmation Affidavit and evidence adduced at the Confirmation Hearing:  (i) are persuasive, credible and accurate as of the dates they were prepared, presented, or proffered; (ii) either have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; and (iv) establish that each holder of a Claim in an Impaired Class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that it would receive if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

V.     Acceptance of Plan.  Impaired Classes 3, 4, 5, and 6 voted to accept the Plan.

W.     Treatment of Administrative and Priority Tax Claims and Other Priority Claims (11 U.S.C. § 1129(a)(9)).  Except to the extent that the holder of a particular administrative or priority tax claim has agreed to different treatment of such claim, all allowed administrative claims and priority Claims under § 507 of the Bankruptcy Code will receive on account of such claim cash equal to the allowed amount of such claim on the Effective Date.

X.     Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)).  Classes 3, 4, 5, and 6 are Impaired Classes.  As described with particularity in the Ballot Report and in these Findings of Fact, Classes 3, 4, 5, and 6 voted to accept the Plan, without including any acceptance of the Plan by any insider holding a Claim.   Accordingly, the Plan satisfies Bankruptcy Code § 1129(a)(10).

Y.     Feasibility. (11 U.S.C. § 1129(a)(11)).  The Plan satisfies Bankruptcy Code § 1129(a)(11).  The Plan implements a liquidation of the Debtor and a transfer of the Debtor's assets to a Liquidating Trust for the benefit of holders of Allowed Claims against and Interests in

the Debtor.  Because the Plan expressly contemplates a liquidating plan, Bankruptcy Code §
1129(a)(11) is satisfied.

Z.      Payment of Fees (11 U.S.C. § 1129(a)(12)).  To the extent that all fees payable to
the United States Trustee under 28 U.S.C.§ 1930(a)(6) have not been paid, the Plan provides for
the payment of all such fees on the Effective Date of the Plan and as they come due after the
Effective Date.  Accordingly, the Plan satisfies Bankruptcy Code § 1129(a)(12).

AA.     Retiree Benefits (11 U.S.C. § 1129(a)(13)).  No retiree benefits, as that term is
defined in Bankruptcy Code § 1114, exist in this Chapter 11 case, making Bankruptcy Code §
1129(a)(13) inapplicable.

BB.     Domestic Support Obligation (11 U.S.C. § 1129(a)(14)).  The Debtor is not
subject to any judicial or administrative order, or by statute, to pay any domestic support
obligation.  The Plan thus satisfies Bankruptcy Code § 1129(a)(14).

CC.     Individual Debtors (11 U.S.C. § 1129(a)(15)).  The Debtor is not an individual,
thus making Bankruptcy Code § 1129(a)(15) inapplicable.

DD.     Transfers Under Nonbankruptcy Law (11 U.S.C. § 1129(a)(16).  There are no
provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust
that is not a moneyed, business, or commercial corporation or trust that apply to the Debtor since
the Debtor was a commercial businesses.   The Plan thus satisfies Bankruptcy Code §
1129(a)(16).

EE.     Principal Purpose of Plan (11 U.S.C. § 1129(d)).  The principal purpose of the
Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the
Securities Act of 1933, and there has been no objection filed by any governmental unit asserting
such avoidance.  Accordingly, the Plan complies with Bankruptcy Code § 1129(d).

FF.   <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.   The Debtor and its respective attorneys, accountants and advisers have solicited votes to accept or reject the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order, and are, therefore, entitled to the protections afforded by Bankruptcy Code § 1125(e) and the release provisions contained in Section 12.8 of the Plan.

GG.   <u>Executory Contracts</u>.   The Debtor has exercised reasonable business judgment in determining whether to assume or reject each of its executory contracts as set forth in the Plan.

HH.   <u>Findings Regarding Third-Party Releases and Related Provisions</u>.   The release, exculpation, injunction and limitation of liability provisions contained in the Plan, including, without limitation, those contained in Article XI of the Plan: (i) have been negotiated in good faith and at arms' length; (ii) are consistent with and permitted pursuant to §§ 105, 524, 1123(b)(6), 1129, and 1142 of the Bankruptcy Code and applicable caselaw, (iii) are integral to the structure of the Plan, formed part of the agreement among all parties-in-interest embodied therein, and are each an essential means of implementing the Plan pursuant to § 1123(a)(5) of the Bankruptcy Code; (iv) are fair and equitable; and (v) confer material benefits on the Debtor's estates, and are in the best interests of the Debtor and its estate, its creditors and holders of Equity Interests.   Additionally, all interested parties have timely received due, proper and adequate notice of the release, exculpation, injunction and limitation of liability provisions in the Plan.

II.   <u>Conditions to Confirmation</u>.   The conditions to confirmation set forth in Article IX of the Plan have been satisfied, waived, or will be satisfied by entry of this Order, provided, however, that the occurrence of the Effective Date is subject to satisfaction or waiver, as applicable, of the conditions to the Effective Date set forth in the Plan.

JJ.    <u>Conditions to Effectiveness</u>.  Each of the conditions to the Effective Date, as set forth in Article 9.1 of the Plan, is reasonably likely to be satisfied, and the Debtor shall file a notice when substantial consummation of the Plan (within the meaning of Bankruptcy Code § 1127) has occurred.

KK.    <u>Retention of Jurisdiction</u>.  The Court's retention of jurisdiction as set forth in Article X of the Plan comports with the parameters contained in 28 U.S.C. § 157.

LL.    <u>Agreements and other Documents</u>.  The Debtor has made adequate and sufficient disclosure of: (i) the Liquidating Trust and (ii) the distributions to be made under the Plan.

MM.    <u>Preservation of Causes of Action</u>.  It is in the best interests of Claim holders and Equity Interest holders that causes of action not expressly released under the Plan be retained by the Liquidating Trustee pursuant to Article V of the Plan, in order to maximize the value of the Liquidating Trust.

NN.    <u>Modification of the Plan</u>. Any modification of the Plan pursuant to this Confirmation Order is not material and does not adversely change the treatment of the holder of any Claim or Interest who has not accepted such modification in writing.  Therefore, in accordance with § 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Plan, as modified pursuant to this Confirmation Order, is deemed accepted by all holders of Claims and Equity Interests who have previously voted to accept the Plan.

OO.    <u>Objections</u>.  There were no filed objections to the Plan.

**NOW THEREFORE, IT IS ORDERED THAT:**

1.    <u>Confirmation of Plan</u>.  The Plan complies with the requirements of §§ 1122 and 1123 of the Bankruptcy Code and is **APPROVED** and **CONFIRMED** under § 1129 of the Bankruptcy Code, pursuant to the terms and conditions of this Order.  The terms of the Plan and

the attached schedules are incorporated herein and are part of the Plan and this Order.  In the event of any conflict, discrepancy or inconsistency between the terms and provisions of the Plan on the one hand and the terms and provisions of this Order on the other hand, the terms and provisions of this Order shall control.

2.      <u>Good Faith</u>.  The Plan has been proposed in good faith and not by any means forbidden by law.

3.      <u>Defined Terms</u>.  All capitalized terms used in this Order that are not defined shall have the same meaning ascribed them in the Plan (as such terms may be modified by the terms of this Order).

4.      <u>Provisions of Plan and Order Non-Severable and Mutually Dependent</u>.  The provisions of the Plan and this Order are non-severable and mutually dependent, and are deemed fully incorporated by reference in each other.

5.      <u>The Liquidating Trust</u>.  On the Effective Date, the Debtor is authorized to execute the Liquidating Trust Agreement and take all steps necessary to establish the Liquidating Trust. Clifford Zucker is approved and appointed as the Liquidating Trustee.

6.      <u>Vesting of Assets</u>.  On the Effective Date, the Debtor shall transfer all of its Trust Assets to the Liquidating Trust.  Except as otherwise set forth in this Order, all Trust Assets shall be transferred and contributed free and clear of all liens, claims, interests and encumbrances. Title to all Trust Assets contributed to the Liquidating Trust shall vest in the Liquidating Trust on the Effective Date following the transfer.

7.      <u>Preserved Litigation Claims</u>.  In accordance with § 1123(b)(3) of the Bankruptcy Code, except as otherwise provided in the Plan, the Order Granting Debtor's Emergency Motion for Approval of Compromise and Settlement with Variety Children's Hospital d/b/a Nicklaus

13

Children's Hospital, Resolving Committee's and Physician Group's Objections to Proposed Bid Procedures, and Providing Related Relief [ECF No. 214], or this Order, all potential litigation claims, including but not limited to claims against parties identified on Exhibit "B" (the ***"Litigation Claims"***) to the Plan, are expressly preserved, reserved and retained by the Liquidating Trust, and after transfer of the Trust Assets to the Liquidating Trust pursuant to Section 5.9 of the Plan, the Liquidating Trustee, or other appropriate party in interest including any designee or successor of the Liquidating Trustee, will have the exclusive right to enforce any and all Litigation Claims, and the rights, powers and claims of the Debtor that arose before or after the Petition Date against potential targets of the Litigation Claims including, but not limited to, those set forth on Exhibit "B" of the Plan. The right to bring all Litigation Claims against any targets, including but not limited to those set forth on Exhibit "B" of the Plan is expressly and entirely preserved and retained by the Liquidating Trust and the Liquidating Trustee or other appropriate party in interest including any designee or successor of the Liquidating Trustee.

8. <u>Standing</u>. The Liquidating Trustee shall have standing under state and/or federal bankruptcy law or otherwise, to file, litigate and settle the Litigation Claims on behalf of the Liquidating Trust subject only to any limitations set forth in the Plan or the Liquidating Trust Agreement. To the extent there are any pending litigations, arbitrations, mediations, or the like, filed on behalf of the estate by the Debtor, the Committee, or any other party that had standing to file such actions, including but not limited to Adversary Proceeding Case No. 18-01457 filed on November 21, 2018 against the R.C. Group Inc., *et al.*, and the arbitration complaint filed against Harvard Jolly Architecture, Inc. before the American Arbitration Association, the Liquidating Trustee shall have standing to continue pursuing such claims and shall be automatically

substituted in, without further court order, as the plaintiff / claimant / requesting party, as appropriate, in such actions.

9.      <u>Termination of the Debtor</u>.  On the Effective Date, the Debtor shall be deemed dissolved and cease to exist for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtor or payments to be made in connection therewith; <u>provided</u>, <u>however</u>, that the Debtor shall be authorized to file its final tax return.  From and after the Effective Date, the Debtor (a) for all purposes shall be deemed to have withdrawn its business operations from any state in which it was previously conducting, or are registered or licensed to conduct, its business operations, and shall not be required to file any document, pay any sum or take any other action, in order to effectuate such withdrawal, and (b) shall not be liable in any manner to any taxing authority for franchise, business, license or similar taxes accruing on or after the Effective Date.

10.      <u>Injunction</u>.  As of the Confirmation Date, except as otherwise provided in the Plan or this Order, all Persons that have held, currently hold or may hold a Claim, Equity Interest or other debt or liability that is treated pursuant to the terms of the Plan are enjoined from taking any of the following actions on account of any such Claims, Equity Interests, debts or liabilities, other than actions brought to enforce any rights or obligations under the Plan or against the Debtor, the Liquidating Trustee, the Estate, the Trust Assets or Estate property:  (i) commencing or continuing in any manner any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff of any kind against any debt, liability or obligation; and (v) commencing or continuing, in any manner or in any place, any action that

does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.

11.    <u>VCH Release</u>.  Pursuant to the Court's *Order Granting Debtor's Emergency Motion for Approval of Compromise and Settlement with Variety Children's Hospital d/b/a Nicklaus Children's Hospital, Resolving Committee's and Physician Group's Objections to Proposed Bid Procedures, and Providing Related Relief* [ECF No. 214], VCH and its subsidiaries (including, without limitation, Children's Health Ventures), affiliates, parent company, officers, directors, shareholders, agents, employees, attorneys, representatives, as well as the respective heirs, personal representatives, successors and assigns of any and all of them (collectively, the ***"VCH Released Parties"***), are released, acquitted and forever discharged from any and all actions, claims, demands, debts, causes of action, suits, defenses, indebtedness, agreements, obligations and liabilities of any kind or character whatsoever, known or unknown, suspected or unsuspected, in contract or tort, at law or in equity, which the Debtor, its Estate (including the Committee acting with derivative standing), and all Persons has had or now or might hereafter have against the VCH Released Parties related to the Debtor, jointly or severally, for or by reason of any matter, cause or thing whatsoever.

12.    <u>Limitation of Liability</u>. Except as expressly set forth in the Plan or this Order, as of the Effective Date, the Debtor's officers, directors and employees, including without limitation, the Debtor's Chief Administrative Officer, shall be terminated for all purposes.  On the ninety first (91) day after the Effective Date, any causes of action, claims, liabilities, counterclaims, and damages belonging to the Debtor, the Estate or the holder of any claim (regardless of whether such Claim is ultimately Allowed or Disallowed) relating to participation in the Debtor's bankruptcy case against such officers, directors or employees of the Debtor, or

against the members of the Committee, shall be released, except for any acts of self-dealing, breach of fiduciary duty, fraud, gross negligence, professional negligence, or willful misconduct. Moreover, as of the Effective Date, the Debtor and the Estate shall release each attorney, accountant or other professional employed by the Debtor or the Committee in the case from any and all causes of action, claims, liabilities, counterclaims and damages relating in any manner to such professional's participation in this Chapter 11 Case, except for any acts of self-dealing, breach of fiduciary duty, fraud, gross negligence, professional negligence, or willful misconduct.

13. <u>Exemption from Certain Transfer Taxes</u>.  Pursuant to § 1146(c) of Bankruptcy Code, the issuance, transfer or exchange of any Security or the making or delivery of any instrument of transfer under the Plan may not be taxed under any law imposing a stamp tax, use tax, sales tax or similar tax.  Any sale of a Trust Asset occurring before, after or upon the Effective Date shall be deemed to be in furtherance of the Plan.

14. <u>Approval of Rejection of Executory Contracts and Leases</u>.  This Order constitutes an Order of the Court approving the rejection of executory contracts not previously assumed or rejected under Article VIII of the Plan pursuant to Bankruptcy Code § 365 as of the Effective Date.  **Pursuant to Local Rule 6006-1, any proof of claim for damages arising from the rejection pursuant to this Confirmation Order must be filed with the court within 30 days after the entry of this order.  This paragraph shall not alter any deadlines set with respect to executory contracts previously rejected by court order(s), which deadlines shall be governed by such orders and the Local Rules.**

15. <u>Resolution of Claims Other than Administrative Claims</u>.  Subject to applicable law, and except as otherwise set forth in the Plan or this Order, from and after the Effective Date, the Liquidating Trustee and any Creditor shall have the authority to litigate to judgment

objections to Claims or Equity Interests pursuant to applicable procedures established by, or grounds set forth in, the Bankruptcy Code, the Bankruptcy Rules, the Liquidating Trust Agreement and the Plan. Any compromise of any Claim objection shall be subject to Court approval. The deadline within which objections to Claims or Equity Interests may be filed shall be six (6) months from the Effective Date (unless such deadline is extended by Court order).

16.     <u>Allowance of Claims and Interests</u>. The allowance or disallowance of Claims and Equity Interests are, and will be, subject to the terms of the Plan.

17.     <u>Payment of Statutory Fees</u>. The Liquidating Trustee shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the Effective Date for all fees incurred for the period ending on the Effective Date. The Liquidating Trustee of the Liquidating Trust shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) based upon all disbursements of the Liquidating Trust for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), until the earlier of the closing of the Bankruptcy Cases by the issuance of a Final Decree by the Court, or upon the entry of an order by the Court dismissing the Bankruptcy Case or converting the Bankruptcy Case to another chapter under the Bankruptcy Code, and the party responsible for paying the post-confirmation United States Trustee fees shall file a quarterly Post-Confirmation Operating Report which shall include, among other things, all payments made under the Plan and payments made in the ordinary course of business. The Post-Confirmation Operating Report shall be filed quarterly until the Court enters Final Decree, dismisses the case, or converts the case to another chapter in bankruptcy.

18.     <u>Deadline for Filing Final Report and Motion for Entry of Final Decree</u>.  Pursuant to Local Rule 3022-1(A), the Liquidating Trustee shall file the Local Form "Final Report and Motion for Final Decree" at the appropriate time.

19.     <u>Retention of Jurisdiction</u>.  Notwithstanding the entry of this Order, the occurrence of the Effective Date and the transfer of the Trust Assets to the Liquidating Trust, the Court shall retain jurisdiction as provided in Article X of the Plan over this Chapter 11 case after the Effective Date to the fullest extent legally permissible.

20.     <u>Automatic Stay</u>.  In furtherance of the implementation of the Plan, except as otherwise provided in the Plan or in this Order, all injunctions or stays provided for in this Chapter 11 case pursuant to §§ 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect and apply to all Creditors and Beneficiaries holding Claims against the Debtor, the Estate, the Trust Assets, the Liquidating Trustee, and the Liquidating Trust until the Final Distribution Date.

21.     <u>References to Plan Provisions</u>.  The failure to include or specifically reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court to confirm the Plan in its entirety.  The provisions of the Plan and this Order shall be construed in a manner consistent with each other so as to accomplish the purposes of each, provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Order that cannot be reconciled, then, solely to the extent of such inconsistency, the provision of this Order shall govern and control.

22.    <u>Confirmation Date</u>.  The Confirmation Date referred to in Article 1.2 of the Plan and as used throughout the Plan and this Order is the date the Court enters this Order on its electronic docket.

23.    <u>Correction of Errors and Inconsistencies</u>.  After the Confirmation Date and before substantial consummation of the Plan as defined in § 1101(2) of the Bankruptcy Code, the Debtor may, under § 1127(b) of the Bankruptcy Code, institute proceedings in the Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement or this Order, and such matters as may be necessary to carry out the purposes and effects of the Plan, so long as such proceedings do not materially and adversely affect the treatment of holders of Claims under the Plan.

24.    <u>Effective Date Occurrence</u>.  If the Effective Date has not occurred on or before the first business day which is thirty (30) calendar days after the date of entry of this Order, the Court shall hold a status hearing on the earliest available court date thereafter regarding the occurrence of the Effective Date and the Court may order appropriate relief pursuant to the Plan, this Order, and/or the applicable provisions of the Bankruptcy Code.

25.    <u>Unclaimed Distributions</u>.  If any distribution remains unclaimed for a period of ninety (90) days after it has been delivered (or attempted to be delivered) in accordance with the Plan to the Holder entitled thereto, such unclaimed property shall be forfeited by such Holder whereupon all right, title and interest in and to the unclaimed property shall be held in reserve by the Liquidating Trustee to be distributed to other Creditors in accordance with this Plan. The Liquidating Trustee shall not attempt to make further distribution to the Holders of such unclaimed property.  Distributions unclaimed for a period of 90 days after they have been delivered (or attempted to be delivered) in accordance with the Plan to the Holders entitled

thereto that (i) are intended to be final distributions; and (ii) do not exceed $10,000 in the aggregate, shall, as soon thereafter as practicable, be donated to an organization selected by the Liquidating Trustee and officially recognized by the Internal Revenue Service as a charitable organization, a contribution to which would be deductible for federal income tax purposes.

26.    <u>Medical Records</u>.  Pursuant to the Court's Agreed *Ex-Parte* Order Granting Debtor's Motion to Approve Medical Records Custodian Agreement with VCH [ECF No. 501], which is incorporated herein by reference, VCH is the custodian of the Debtor's medical records. In addition, and pursuant to the Court's Order Granting Agreed Motion to Approve Patient Records Custodian Agreement with Nuehealth, LLC [ECF No. 545], Nuehealth, LLC is the custodian of the Pan American Hospital and Metropolitan Hospital medical records.

27.    <u>Modification to the Plan Concerning Treatment of Class 7</u>.  Treatment of Class 7 under the Plan is modified to provide that in the event there are excess funds after payment in full of Classes 1 through 6, as well as payment of all post-confirmation administrative expenses of the Liquidating Trust, said excess funds shall be distributed to Class 7 *pari passu*. Accordingly, Class 7 is deemed unimpaired.

28.    <u>Effective Date Administrative Expense Payments from the Debtor's Debtor-in-Possession Operating Account</u>. On the Effective Date, the Debtor is authorized to and shall pay from its Debtor-in-Possession Operating Account (the **"DIP Account"**) the following Allowed Administrative Expense Claims:

-    $110,473.74 to Meland, Russin & Budwick;

-    $600.00 to Trustee Services, Inc.; and

-    $5,206.91 to Karl Acuff, Esq.

After payment of the foregoing amounts, the Debtor is authorized to and shall return to VCH the balance in the DIP Operating Account, in the amount of $9,043.84, which funds represent a refund of VCH's overfunding of its DIP Loan to the Debtor.  In addition, the Debtor is authorized to and shall return the balance in the Debtor-in-Possession Payroll Account, in the amount of $8,692.63, to VCH, which also represent a refund of VCH's overfunding of its DIP Loan to the Debtor.   As of the date of the entry of this Order, and excluding VCH's obligations under that certain document titled Closing Statement (as part of the closing on the Asset Purchase Agreement between the Debtor and VCH) and under the Plan, VCH shall have no further funding obligations including, but not limited, under the DIP Loan, and the DIP Loan shall be deemed terminated and satisfied in full.  In the event that the Debtor receives a refund or reimbursement belonging to VCH on account of overpayments made by the Debtor with DIP Loan proceeds or payments made directly by VCH, to third party providers, from the Petition Date until the date prior to the Effective Date, such payments shall be turned over to VCH.

29.    Effective Date Administrative Expense Payments from Funds Held in the Trust Account of Meland, Russin & Budwick, P.A. ("*Debtor's Counsel*"). Pursuant to the Stipulation (I) Allowing Claims of Variety Children's Hospital d/b/a Nicklaus Children's Hospital, (II) Granting a Release to Variety Children's Hospital; (III) Resolving the Committees and Physician Groups Objections to Proposed Bid Procedures, and (IV) Providing Related Relief, filed by Debtor Miami International Medical Center, LLC [ECF No. 221], and approved by this Court on May 31, 2018 [ECF No. 214], Debtor's Counsel, on behalf of the Debtor's estate, is holding $1,458,493.51 (the "*Debtor's Trust Account Funds*") in its trust account ("*Trust Account*"). On the Effective Date, Debtor's Counsel, on behalf of the Debtor's estate, is authorized to and

shall pay up to the following Allowed Administrative Expense Claims from the Debtor's Trust Account Funds:[4]

- $113,919.01 to Meland, Russin & Budwick;

- $628.92 to Trustee Services, Inc.;

- $910.00 to Karl Acuff, Esq.;

- $1,625.00 to the United States Trustee's Office (4Q18);

- $15,222.10 to KapilaMukamal;

- $7,500.00 to US Bank;

- $28,840.00 to FTI Consulting, Inc.;

- $32,717.30 to CohnReznick;

- $141,220.56 to Agentis PLLC;

- $226,732.53 to Porzio, Bromberg & Newman, P.C.; and

- $23,000 to BKD, LLP (which amount shall be held in the Trust Account until such time that BKD completes the preparation of the Debtor's 2018 and 2019 tax returns, after which the Debtor is authorized to release the $23,000 from the Trust Account to BKD, LLP).

Other than funds made available pursuant to the debtor in possession financing budgets previously approved in this case, and funds available from the DIP Account, the Debtor and the Debtor's professionals in this case, excluding Trustee Services, Inc., have agreed that they shall not seek further payment beyond the $154,551.11 aggregated amount in Allowed Administrative Expense Claims identified in paragraph 28 herein.  After payment of the foregoing amounts, the

---

[4] To the extent that payments identified in paragraph 28 are inclusive of estimates of fees and costs for which detailed records have not yet been presented to the Court, such fees and costs are payable after supplemental applications to, and approval by, the Court.

Debtor is authorized to and shall transfer the remaining balance of the Debtor's Trust Account Funds to the Liquidating Trustee.

30.    <u>Transfer of Patient Claims Information to Liquidating Trustee</u>.  The Debtor is authorized to and shall transfer Claims filed by patients to the Liquidating Trustee for final disposition of said Claims.  To the extent applicable, the Liquidating Trustee shall comply with the Health Insurance Portability and Accountability Act of 1996 and its implementing regulations, including the Standards for Electronic Transactions and Code Sets (45 C.F.R. Parts 160 and 162), the Standards for Privacy of Individually Identifiable Health Information ( 45 C.F .R. Parts 160 and 164), the Security Standards for the Protection of Electronic Protected Health Information (45 C.F.R. Parts 160 and 164), and such other regulations that may, from time to time, be promulgated thereunder, and including the amendments thereto pursuant to the Health Information Technology for Economic and Clinical Health Act, part of the American Recovery and Reinvestment Act of 2009, and regulations promulgated thereunder (collectively, "HIPAA"). The Liquidating Trustee shall not use or further disclose any Protected Health Information or Individually Identifiable Health Information, as defined at 45 C.F.R. § 160.103, other than as permitted by HIPAA and the Plan.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

31.    <u>Post-Confirmation Status Conference</u>.    The Court will conduct a post-confirmation status conference on March 13, 2019 at 1:30 p.m. at the C. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, Courtroom 8, Miami, Florida 33128.

### ###

**Submitted By:**
Peter D. Russin, Esquire
Florida Bar No. 765902
prussin@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Counsel for Debtor in Possession*
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:    (305) 358-6363
Telefax:    (305) 358-1221

**Copies Furnished To:**
Peter D. Russin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.