**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*

MIAMI INTERNATIONAL MEDICAL CENTER,    Case No.: 18-12741-LMI
LLC d/b/a THE MIAMI MEDICAL CENTER,    Chapter 11

      Debtor.                        /

**MOTION TO MODIFY TERMS OF COMPENSATION FOR**
**ROBERT M. SCHECHTER, ESQ. AND THE LAW FIRM OF PORZIO,**
**BROMBERG & NEWMAN, P.C. AND ROBERT P. CHARBONNEAU, ESQ. AND**
**THE LAW FIRM AGENTIS PLLC, AS CO-COUNSEL FOR THE LIQUIDATING**
**TRUSTEE, WITH RESPECT TO ADVERSARY PROCEEDING NO. 18-01457**
**AND RELATED LITIGATION, *NUNC PRO TUNC* TO AUGUST 1, 2019**

Clifford Zucker, as the liquidating trustee (the "Liquidating Trustee") of the Miami International Medical Center, LLC Liquidating Trust (the "Liquidating Trust") established by the *First Amended Liquidating Chapter 11 Plan Proposed by the Debtor* (the "Plan") in the above-captioned Chapter 11 bankruptcy proceeding of The Miami International Medical Center, LLC d/b/a the Miami Medical Center (the "Debtor"), by and through undersigned counsel and pursuant to 11 U.S.C. §327 and 330, rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure, seeks entry of an order modifying the terms of compensation for Robert M. Schechter, Esq. and Porzio, Bromberg & Newman, P.C. ("Porzio") and Robert P. Charbonneau, Esq. and Agentis PLLC ("Agentis," and together with Porzio the "Professionals"), as co-counsel to the Liquidating Trustee, to compensate these Professionals on a contingency fee basis solely with respect to the HJ/RC Litigation (as defined below), *nunc pro tunc* to August 1, 2019 (the "Motion"). In support of the Motion, the Liquidating Trustee states as follows:



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

4268801

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3.      On March 9, 2018, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

4.      On March 22, 2018, the Office of the United States Trustee for Region 21 appointed the Official Committee of Unsecured Creditors of Miami International Medical Center, LLC (the "Committee") [ECF# 66].

5.      On May 3, 2018, the Court entered orders approving the retention of Porzio and Agentis as co-counsel to the Committee, *nunc pro tunc* to March 26, 2018 [ECF #161, #162].

6.      On November 21, 2018, the Committee initiated an adversary proceeding styled *Official Committee of Unsecured Creditors of Miami International Medical Center, LLC v. The R.C. Group, Inc. a/k/a the RC Group, et. al.*, Adversary Case Number 18-01457-LMI, against The R.C. Group Inc. a/k/a The RC Group, RC Group, LLC, and Reinerio P. Cruz for damages relating to professional electrical engineering malpractice at the premises of the Debtor (the "RC Group Litigation").  On that same date, the Committee issued a Demand for Arbitration and Demand for Mediation to Harvard Jolly Architecture, Inc., which were filed with the American Arbitration Association and also relate to the above-referenced professional electrical engineering malpractice at the premises of the Debtor (the "HJ Arbitration," together with the RC Group Litigation, the "HJ/RC Litigation").

2

**Agentis**
Legal Advocates & Advisors

7.      On January 15, 2019, the Court entered the *Order Confirming First Amended Liquidating Chapter 11 Plan Proposed by Debtor* [ECF #557], confirming the Debtor's Plan and authorizing the creation of the Liquidating Trust and the appointment the Liquidating Trustee.

8.      On the effective date of the Plan, January 30, 2019 (the "<u>Effective Date</u>"), the Committee was dissolved and since then, the Liquidating Trustee has been managing the affairs and assets of the Liquidating Trust.

9.      The Liquidating Trustee retained Porzio and Agentis as co-counsel to represent the Liquidating Trustee in this Chapter 11 case [ECF #604, 605] (the "<u>Retention Orders</u>").

10.     After the Effective Date, the Liquidating Trustee was substituted as plaintiff in the RC Group Litigation and the HJ Arbitration.

11.     On May 16, 2019, the Court entered the *Agreed Order Vacating Clerk's Default and Staying Adversary Proceeding Pending Mediation* in the RC Group Litigation [ECF #33], staying the RC Group Litigation to allow the parties to address the claims asserted therein through mediation, in which the Liquidating Trustee, Harvard Jolly Architecture, Inc. and the defendants in the RC Group Litigation have agreed to participate to work toward collectively resolving the RC Group Litigation and HJ Arbitration (the "<u>Mediation</u>").

12.     The parties have already begun an information exchange and expect to work toward designation of a mediator in the near term.

## <u>REQUESTED RELIEF</u>

13.     By this Motion, the Liquidating Trustee proposes to modify the terms of the Professionals' compensation solely with respect to the RC/HJ Litigation, *nunc pro tunc* to August 1, 2019, as follows:

3



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

    a.   All fees[1] billed by the Professionals from August 1, 2019 forward relating to the RC/HJ Litigation shall be paid on a contingency fee basis only, as follows:

        i.   if the RC/HJ Litigation is settled before or by the close of Mediation, Porzio and Agentis shall collectively be paid a contingency fee of 27% of any recovery obtained by the estate;

       ii.   if the RC/HJ Litigation is settled after the close of Mediation but before the commencement of any arbitration hearing or trial, Porzio and Agentis shall collectively be paid a contingency fee of 30% of any recovery obtained by the estate; or

      iii.   if the RC/HJ Litigation is settled or resolved after the commencement of any arbitration hearing or trial, Porzio and Agentis shall collectively be paid a contingency fee of 33-1/3% of any recovery obtained by the estate.

    b.   Normal and customary out-of-pocket expenses, including but not limited to travel, lodging, meals, mediation, mediator and arbitrator fees, expert reports and testimony, photocopying or duplication, fax, Fed Ex, courier, and computerized legal research costs, and any other reasonable costs as permitted by the United States Trustee Guidelines for the Southern District of Florida ("Guidelines") actually incurred in connection with the Professionals' services in the RC/HJ Litigation shall be paid by the estate.

    14.   From August 1, 2019 forward, the Professionals shall include any actual costs incurred in connection with services rendered in the RC/HJ Litigation in their respective interim and final fee applications to be filed with this Court pursuant to 11 U.S.C. §§ 330 and 331 and any Order of this Court governing the Professionals' fee application procedures.  Moreover, upon the resolution of the RC/HJ Litigation, the Professionals shall file with the Court a separate fee application, pursuant to 11 U.S.C. § 330, for compensation for services rendered on behalf of the Liquidating Trustee in the RC/HJ Litigation in accordance with the contingency fee model set forth herein.

---

[1] (which fees shall be billed at the rates authorized by the Retention Orders as they may be adjusted from time to time)

4



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

4268801

15.     The foregoing model is consistent with the Plan's provisions governing the post-confirmation compensation of Professionals.  Section 5.4 of the Plan provides that upon the Professionals' submission of monthly invoices to the Liquidating Trustee, "[t]he Liquidating Trustee, in consultation with the Liquidating Trust Oversight Committee, may pay 80% of fees and 100% of disbursements for the amounts requested from the Liquidating Trust assets and the proceeds thereof," and that "[t]he remaining 20% of fees shall be paid when fee applications are filed and approved by the Court."  *See* Plan § 5.4; *see also* Liquidating Trust Agreement § 2.7 (same).  Under the terms proposed herein, the Professionals will neither request nor receive payment of ***any*** fees relating to the RC/HJ Litigation prior to the Court's approval of their respective fee applications and only if there is a recovery by the estate from the RC/HJ Litigation.  Expenses relating to the RC/HJ Litigation will be paid in accordance with the interim compensation and monthly invoice procedures set forth in the Plan.  As such, compensation of the Professionals on a contingency fee basis is consistent with the compensation procedures established under the Plan.

16.     Moreover, the Liquidating Trustee believes that the modification of terms of compensation of the Professionals with respect to the RC/HJ Litigation as proposed herein is in the best interests of the estate and creditors.  Compensating the Professionals on a contingency fee basis will relieve the estate of the burden of funding the RC/HJ Litigation and ensure that the Professionals' fee compensation is predictable and commensurate with any estate recoveries obtained therein.

WHEREFORE, the Liquidating Trustee respectfully requests entry of an order, in the form attached hereto as **<u>Exhibit "A"</u>**, granting this Motion and modifying the terms of

5



compensation for Robert M. Schechter, Esq. and Porzio, Bromberg & Newman, P.C. and Robert P. Charbonneau, Esq. and Agentis PLLC, as co-counsel to the Liquidating Trustee, solely with respect to the RC/HJ Litigation in accordance with the contingency fee terms herein, *nunc pro tunc* to August 1, 2019, and for such other and further relief as is just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on August 30, 2019.

> AGENTIS PLLC
> ***Co-Counsel for the Liquidating Trustee***
> 55 Alhambra Plaza, Suite 800
> Coral Gables, Florida 33134
> T. 305.722.2002
> www.agentislaw.com
>
> By:  */s/ Robert P. Charbonneau*
> Robert P. Charbonneau
> Florida Bar No.: 968234
> rpc@agentislaw.com

6



**Exhibit "A"**

**Proposed Order**



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

4268801

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*

MIAMI INTERNATIONAL MEDICAL CENTER,          Case No.: 18-12741-LMI
LLC d/b/a THE MIAMI MEDICAL CENTER,          Chapter 11

_____Debtor._____ /

**ORDER GRANTING MOTION TO MODIFY TERMS OF COMPENSATION FOR**
**ROBERT M. SCHECHTER, ESQ. AND THE LAW FIRM OF PORZIO,**
**BROMBERG & NEWMAN, P.C. AND ROBERT P. CHARBONNEAU, ESQ.**
**AND THE LAW FIRM AGENTIS PLLC, AS CO-COUNSEL FOR THE**
**LIQUIDATING TRUSTEE, WITH RESPECT TO ADVERSARY**
**PROCEEDING NO.  18-01457 AND RELATED LITIGATION,**
***NUNC PRO TUNC* TO AUGUST 1, 2019**

THIS MATTER came before the Court for hearing on _____, 2019 at

_____ a.m./p.m. (the "Hearing") upon the *Motion to Modify Terms of Compensation for*

4268801

*Robert M. Schechter, Esq. and the Law Firm of Porzio, Bromberg & Newman, P.C. and Robert P. Charbonneau, Esq. and the Law Firm Agentis PLLC, as Co-Counsel for the Liquidating Trustee, with Respect to Adversary Proceeding No. 18-01457 and Related Litigation, Nunc Pro Tunc to August 1, 2019* [ECF#    ] (the "Motion")[1], filed by the Liquidating Trustee, seeking entry of an order modifying the terms of compensation for Robert M. Schechter, Esq. and Porzio, Bromberg & Newman, P.C. ("Porzio") and Robert P. Charbonneau, Esq. and Agentis PLLC ("Agentis," and together with Porzio the "Professionals"), as co-counsel to the Liquidating Trustee, to compensate the Professionals on a contingency fee basis solely with respect to the RC/HJ Litigation, *nunc pro tunc* to August 1, 2019.  Having reviewed the Motion, having noted that no objections to the Motion were filed or raised at the Hearing, and finding that good and sufficient cause exists to grant the relief set forth in the Motion, the Court

**ORDERS** as follows:

1.      The Motion is **GRANTED**.

2.      The Professionals shall be compensated for fees and reimbursed for actual costs incurred solely with respect to the RC/HJ Litigation, *nunc pro tunc* to August 1, 2019, as follows:

a.  All fees[2] billed by the Professionals from August 1, 2019 forward relating to the RC/HJ Litigation shall be paid on a contingency fee basis only, as follows:

i.  if the RC/HJ Litigation is settled before or by the close of Mediation, Porzio and Agentis shall collectively be paid a contingency fee of 27% of any recovery obtained by the estate;

ii. if the RC/HJ Litigation is settled after the close of Mediation but before the commencement of any arbitration hearing or trial, Porzio and Agentis shall collectively be paid a contingency fee of 30% of any recovery obtained by the estate; or

---

[1]  Any and all terms not expressly defined herein, shall bear the meaning ascribed to them in the Motion.
[2]  (which fees shall be billed at the rates authorized by the Retention Orders as they may be adjusted from time to time)

4268801

        iii.   if the RC/HJ Litigation is settled or resolved after the commencement of any arbitration hearing or trial, Porzio and Agentis shall collectively be paid a contingency fee of 33-1/3% of any recovery obtained by the estate.

       b.   Normal and customary out-of-pocket expenses, including but not limited to travel, lodging, meals, mediation, mediator and arbitrator fees, export reports and testimony, photocopying or duplication, fax, Fed Ex, courier, and computerized legal research costs, and any other reasonable costs as permitted by the United States Trustee Guidelines for the Southern District of Florida ("Guidelines") actually incurred in connection with the Professionals' services in the RC/HJ Litigation shall be paid by the estate.

17.    From August 1, 2019 forward, the Professionals shall include any actual costs incurred in connection with services rendered in the RC/HJ Litigation in their respective interim and final fee applications to be filed with this Court pursuant to 11 U.S.C. §§ 330 and 331 and any Order of this Court governing the Professionals' fee application procedures. Upon the resolution of the RC/HJ Litigation, the Professionals shall file with the Court a separate fee application, pursuant to 11 U.S.C. § 330, for compensation for services rendered on behalf of the Liquidating Trustee in the RC/HJ Litigation in accordance with the contingency fee model set forth herein.

4.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

**SUBMITTED BY:**
Robert Charbonneau
rpc@agentislaw.com
AGENTIS PLLC
**Co-Counsel for the Liquidating Trustee**
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
T. 305.722.2002
www.agentislaw.com

3

4268801

(Copy furnished to Attorney Charbonneau, who is directed to serve a conformed copy of this Order upon all interested parties)

4