**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*

MIAMI INTERNATIONAL MEDICAL CENTER, LLC d/b/a THE MIAMI MEDICAL CENTER,

Debtor.

Case No.: 18-12741-LMI
Chapter 11

**MOTION OF LIQUIDATING TRUSTEE PURSUANT 11 U.S.C. §105(a) AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO (I) APPROVE STIPULATION RESOLVING CLAIMS BETWEEN PARTIES AND (II) PROVIDE RELATED RELIEF**

Clifford Zucker, as liquidating trustee (the "Liquidating Trustee") of the Miami International Medical Center, LLC Liquidating Trust (the "Liquidating Trust"), appointed in the above-captioned bankruptcy proceeding of Miami International Medical Center, LLC d/b/a/ the Miami Medical Center (the "Debtor"), by and through undersigned counsel, files this motion (the "Motion") seeking entry of an order (i) approving a stipulation (the "Stipulation")[1,2] among (a) the Liquidating Trustee, (b) Naaman Abdullah, James Adamson, Stephen Alex, Luis R. Allende-Ruiz, Beverly Arroyo, Alan Behr, Georgiy Brusovanik, Peter Cole, John Foudray, Jon Friesen, David L. Galbut, Christian Gonzalez, David Hensley, Lee Huntley, Jonathan Hyde, Raymond Kelly, Sheila Knoepke, Aren Laljie, Greg Larocque, Jeff Mason, Roberto Miki, Jim Morse, Timothy O'Brien, Mary Ryan, Michael Reed, Dan Saale, Mona Sabagh, Glenn Salkind, John Schario, Andre Kevin Standefer a/k/a Kevin Standefer, Javier Vizoso, Marty Winslow, Lenora Woolsey, and Shane Zamani (collectively, the "Individual Defendants"); and (c) Daniel R. Tasset, Astoria Property Company, LLC f/k/a Nueterra Properties Group, LLC; Benefit

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.
[2] The description of the Stipulation contained herein is provided as a general summary for the Court and interested parties. All parties are directed to the Stipulation for the full and controlling terms thereof.

Management, LLC; NMFLP, LLC; NueHealth Equity Co., LLC, f/k/a NueHealth Equity Holders, LLC; NueHealth Holdings, LLC a/k/a NueHealth LLC; NueHealth Management Services, LLC, f/k/a Nueterra Healthcare Management, LLC; NueHealth Miami, LLC; Nueterra Capital, LLC, f/k/a Nueterra Metaholdings, LLC; Nueterra Equity Partners, LLC f/k/a Nueterra Holdings LLC; Nueterra Healthcare Re; and Nueterra Holdings Management, LLC (collectively, the "NueHealth Defendants" and, together with the Individual Defendants, the "Defendants") (the Liquidating Trustee, the Individual Defendants, and the NueHealth Defendants are referred to hereafter collectively as the "Parties") and (ii) providing related relief. In support of this Motion, the Liquidating Trustee relies upon the *Declaration of Clifford Zucker as Liquidating Trustee*, to be submitted in support of the Motion, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* as amended (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### *I. Procedural Background*

3. On March 9, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

4. On December 3, 2018, the Debtor filed its First Amended Liquidating Chapter 11 Plan [ECF # 469] (the "Plan").

5. On January 15, 2019, the Court entered the Order Confirming First Amended Liquidating Chapter 11 Plan Proposed by Debtor [ECF # 557] (the "Confirmation Order"), confirming the Debtor's Plan and authorizing the creation of the Liquidating Trust and the appointment of the Liquidating Trustee.

6. Until January 30, 2019—the effective date of the Plan (the "Effective Date")—the Debtor operated its business and managed its affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. Since the Effective Date, the Liquidating Trustee has managed the affairs and assets of the Liquidating Trust established pursuant to the Plan and is authorized to litigate to judgment any objections to claims or equity interests asserted against the Debtor's estate, subject to certain oversight by the Liquidating Trust Oversight Committee (the "Oversight Committee"). That oversight includes the advice and consent of the Oversight Committee when the Liquidating Trustee seeks to settle any action for an amount in excess of $500,000 and which equates to less than seventy percent (70%) of the total amount at issue. Such advice and consent of the Oversight Committee has been obtained by the Liquidating Trustee from the Oversight Committee here, with respect to entering into the Stipulation that is the subject of this Motion and attached hereto as **Exhibit A**.

*II. General Background to Adversary Proceeding and the Liquidating Trustee's Allegations*

8. Pursuant to the Debtor's records, the Debtor was established as a Florida limited liability company in November 2013 for the purpose of owning and operating a regional acute care hospital that would provide a limited suite of medical services. The Debtor's members were comprised of: (i) Miami Hospital Holdings, LLC ("MHH"), which owned approximately sixty-nine percent (69%) of the Debtor's membership interests; and (ii) individual physicians and

physician groups, which collectively owned approximately thirty-one percent (31%) of the Debtor's remaining membership interests.

9. MHH was owned equally by Children's Health Ventures, Inc., a for-profit investment arm of Variety Children's Hospital d/b/a Nicklaus Children's Hospital ("VCH") and NueHealth Equity Co., LLC.

10. The Debtor was formed to develop and operate a hospital in Miami, Florida known as The Miami Medical Center (the "Hospital"). The business plan included the acquisition of an existing hospital operation, the renovation of the facility as part of a sizeable construction project (the "Construction Project"), and the reopening and operating of the Hospital as partially physician-owned.

11. Certain of the Defendants and/or through their affiliates or employers managed components of the Debtor,[3] which encountered a liquidity crunch, capitalization issues, lower than budgeted patient volume and payor reimbursement levels, as well as other financial issues including both financing and vendor debt, which together led to the Hospital shutting down and filing of the bankruptcy case.

12. Certain Defendants provided prepetition capital contributions, loans and/or other services to the Debtor, which remain unpaid. In the Debtors' bankruptcy case, certain Defendants have scheduled claims or filed proofs of claim, and sought reimbursement of administrative expenses and general unsecured claims, including but not limited to, the following:

| Claimant | Schedule / Claim No/ ECF No. | Claim Amount | Claim Type |
|---|---|---|---|
| Astoria Property Company LLC f/k/a Nueterra Properties Group, LLC | 120 | $29,325.42 | Unsecured |
| Benefit Management, LLC | 121 | $61,934.64 | Unsecured |
| Nueterra Equity Partners, LLC | 122 | $5,666,316.01 | Unsecured |
| NMFLP, LLC | 123U<br>123S | $5,017,844.93<br>$324,797.93 | Unsecured<br>Secured |
| Nueterra Equity Partners | ECF Nos. 442 and 514 | $30,000.00 | Admin. Expense |
| Nueterra Healthcare RE | Schedule F | $205,946.87 | Unsecured |
| Nueterra Holding LLC | Schedule F | $214,758.74 | Unsecured |
| Nuecaptive Insurance SOL | Schedule F | $5,755.50 | Unsecured |
| Dan Saale | Schedule F | $42.80 | Unsecured |
| **TOTAL** | | **$11,556,722.84** | |

13. The scheduled claims of Miami Hospital Holdings LLC, an entity in which certain NueHealth Defendants held or hold an interest, in the amounts of $14,823,986 and $1,566,953.59, have been disposed of in the Order Sustaining Liquidating Trustee's Fourth Omnibus Objection to Claim(s) [ECF No. 720].

14. At all times relevant, the Debtor and certain of its owners maintained insurance policies with Tokio Marine Specialty Insurance Company, Beazley Insurance Company, and Continental Casualty Company, and/or their parents, subsidiaries, affiliates and reinsurers (collectively, "Insurers") under Policy No. PSD1352583, Policy No. V110D4180901, and Policy No. 596841931 (the "Policies"), respectively. In the aggregate, the Liquidating Trustee believes that, were he to be successful in litigating his claims against the Defendants, total coverage under

[3] The Debtor's records reflect certain development and management agreements with Defendant-related entities.

the Policies would amount to $7 million minus policy proceeds spent by the Defendants defending claims brought by the Liquidating Trustee.

15. The Liquidating Trustee has been investigating and analyzing the Liquidating Trust's various intangible assets, including litigation claims against individuals and companies involved with the Debtor, and has sought to monetize those assets as appropriate. The Liquidating Trustee's investigation together with his professionals, including his review of the Debtor's records and documents provided by certain Defendants, and interviews of various witnesses, lead to the filing of Adversary Proceeding No. 20-01092-LMI pending before this Court against the Individual Defendants (the "Adversary Proceeding").

16. At the time of the filing of the complaint initiating the Adversary Proceeding, the Liquidating Trustee and the NueHealth Defendants were engaged in informal discussions in an attempt to resolve related claims against the NueHealth Defendants. Such discussions resulted in the execution of the Tolling Agreements,[4] which stayed the statute of limitations for the Liquidating Trustee to bring claims against the NueHealth Defendants and file objections to their Proofs of Claim asserted against the Debtor's bankruptcy estate.

[4] Such tolling agreements were embodied in a number of submissions to this Court, namely: (i) on January 24, 2020 the Liquidating Trustee entered into an agreement with the NueHealth Defendants to extend the time within which the Liquidating Trustee may assert claims and causes of action against such potential defendants and object to their claims and interests to May 29, 2020, which was approved by this Court on March 20, 2020 [ECF No. 718 in the main case] (the "First Tolling Order"). The provisions of the First Tolling Order were extended to July 28, 2020 when, on June 29, 2020, this Court entered an order approving a second tolling agreement extending said deadlines [ECF No. 765 in the main case] (the "Second Tolling Order"), and further extended to October 12, 2020 when, on July 29, 2020, this Court entered an order approving a third tolling agreement extending said deadlines [ECF No. 776 in the main case] (the "Third Tolling Order"). Finally, on October 8, 2020, and in anticipation of the scheduled mediation between the Parties, the Liquidating Trustee and the NueHealth Defendants requested this Court once again extend the time within which the Liquidating Trustee may assert claims and causes of action against such potential defendants and object to their claims and interests to October 31, 2020 [ECF No. 798 in the main case] (the "Fourth Tolling Request"). The Fourth Tolling Request was approved by this Court pursuant to an order entered on October 14, 2020 [ECF No. 804 in the main case] (the "Fourth Tolling Order" and, along with the First, Second, and Third Tolling Orders, collectively referred to herein as the "Tolling Agreements").

17. In the months that followed, the Liquidating Trustee, in conjunction with his counsel and financial advisor, and the Defendants conducted preliminary negotiations as well as engaged in informal discovery and exchange of documents, with the Liquidating Trustee continuing to conduct in-depth analyses of the financial chronology, structure, and relationships of the Debtor, and the claims and defenses raised by the Parties.

*III. The D&O and Mismanagement Claims*

18. The Adversary Proceeding and claims discussed in connection with the Tolling Agreement included allegations of the undercapitalization of the Debtor, conflicts of interest, mismanagement, and other wrongful acts including lack of proper oversight by and among the Defendants with respect to the Hospital, the Construction Project and other financial, operational, management, and administrative matters with respect to the Debtor. The Liquidating Trustee's potential claims include, among others, (a) gross negligence and neglect, (b) breaches of fiduciary duty to the Debtor; (c) aiding and abetting breaches of fiduciary duty; (d) alter ego / piercing the corporate veil; (e) breaches of contract; and (f) fraudulent conveyance.

19. As a result of the alleged actionable conduct, the Liquidating Trustee asserted the NueHealth Defendants could be liable for the unpaid claims of the Debtor's non-insider creditors, totaling approximately $15.2 million of non-insider unpaid claims.

20. The Liquidating Trustee asserted the Defendant directors and officers may also be liable because he alleged that breaches of their fiduciary duties caused the Debtor's lost profits, out-of-pocket losses, and deepened insolvency in connection with the unpaid claims of non-insider creditors.

21. All of the Liquidating Trustee's claims asserted in the Adversary Proceeding or otherwise preserved by the Tolling Agreement are vigorously disputed by the Defendants. The



agentis
Legal Advocates & Advisors
55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

Individual Defendants filed various motions to dismiss the Liquidating Trustee's Complaint, and the NueHealth Defendants have disputed, and continue to dispute, the allegations of the Liquidating Trustee.

*IV. The Mediation*

22. The Parties ultimately agreed to mediation (the "Mediation") pursuant to that certain order entered by this Court on July 31, 2020 which set forth the procedures for selecting an agreed-upon, neutral mediator, and stayed the Adversary Proceeding until the conclusion of mediation [ECF No. 101] (the "Mediation Order").

23. As legal and financial professionals of the Liquidating Trustee prepared for the Mediation, which included the review of confidential mediation statements from various parties, certain factual issues asserted by the Defendants came to light which, if true, would have a tendency to undermine the probability of success in litigating these claims.

24. Additionally, due to the demand made against the Defendants totaling over 30 parties, with the Policies at issue in this case, the costs of defense of the Defendants are first deducted from the value of the available coverage. Given the number and quality of counsel who appeared at the Mediation, these costs would be a significant deduction from the value of the available coverage should the matter proceed to litigation.

25. On October 9th and into the early morning hours of October 10, 2020, the Liquidating Trustee participated in an intense and hard-fought 18+ hour formal and confidential mediation conference facilitated by a third party neutral, along with the Defendants and insurance carriers, with a full reservation of rights. The Liquidating Trustee, the Defendants and the Insurers were afforded the opportunity to be represented at the mediation by separate and independent legal counsel. The lengthy mediation resulted in the Parties entering into a term

sheet in the early morning hours of October 10th, with the term sheet being used to draft a formal Stipulation between the parties settling the matters identified herein. The terms of the Stipulation include a $2.8 million settlement payment (the "Settlement Payment") to the Liquidating Trust, and a substantial reduction of the Defendants' claims filed in the Debtor's bankruptcy case, including the NueHealth Defendants and related parties waiving the entirety of over $11 million in claims filed against the Debtor's estate, some of which had been asserted as an administrative expense that otherwise could have come ahead of general unsecured creditors for services provided during the bankruptcy case.

26. The Settlement Payment and reduction of the Defendants' claims against the Liquidating Trust represent a compromise of the possible claims asserted by the Liquidating Trustee, based on several factors. Among them was the denial by the Defendants of certain factual allegations. The Settlement Payment takes into account those factual denials and defenses.

27. In addition, because the Policies are wasting policies, and given the number of covered Defendants, the costs of defense would be significant (the Defendants assert that defense costs could be as much as or even exceed $5 million) if this matter were to be litigated. Accordingly, in exercising his business judgment, the Liquidating Trustee considered and relied upon the following non-exhaustive assumptions:

a. that in the event of a successful litigation resulting in a judgment (assuming collective policy values of $7 million) a reduction by $5 million (for litigation costs) should be factored into the net potential recovery;

b. that such potentially extensive and heavily contested litigation would take several years, with a likely withdrawal of the standing order of reference back the United States District Court; and

c. that, again assuming success in litigating the claims through judgment, the receipt of the Settlement Payment now is more valuable to the Liquidating Trust and its beneficiaries than what would likely be a more speculative recovery in a number of years, taking into account the time-value of money, the costs and uncertainties of litigation, enforcement of any judgment obtained, and recovering and liquidating value to be distributed by the Estate.

28. The Liquidating Trustee believes the Settlement Payment not only represents a reasonable recovery for the Liquidating Trust under the factors set forth in *In re Justice Oaks* (discussed below), but is in fact a desirable result for the Liquidating Trust.

## RELIEF REQUESTED

### *I. Approval of the Stipulation*

29. The Liquidating Trustee requests that the Court approve the Stipulation between the Parties. The Stipulation provides, as follows (in summary fashion only):

a) within thirty (30) days after the entry of a final, nonappealable order by the Bankruptcy Court approving the Stipulation, the Defendants or additional insureds under the Policies shall cause the Insurers to pay the Liquidating Trustee Two Million Eight Hundred Thousand Dollars ($2,800,000.00) in full and final settlement of the Liquidating Trustee's claims or potential claims against the Defendants, additional insureds under the Policies, and all other persons and entities released pursuant to the Stipulation;

b) upon receipt of the Settlement Amount, the Liquidating Trustee and the Liquidating Trust shall be deemed to have fully and irrevocably released and forever discharged the Defendants and any and all other potential insureds under any of the Policies issued by the Insurers (collectively, the "Insureds Released Parties") from any and all claims, complaints, demands, actions,



agentis
Legal Advocates & Advisors
55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

charges, allegations, causes of action, suits, liabilities, obligations, promises, contracts, agreements, damages, losses, expenses and costs (including, without limitation, actual court costs and attorneys' fees) of whatever nature and kind, known and unknown, fixed or contingent, wherever made, filed or prosecuted, and whether or not yet asserted, including, but not limited to, the Liquidating Trustee's claims or potential claims against the Defendants or the Policies or any other claims in connection with the Debtor or the Debtor's Bankruptcy Estate, which the Liquidating Trustee or the Liquidating Trust may now or hereafter have against the Defendants and Insureds Released Parties or any of them by reason of any matter, cause, action, omission or failure to act which has occurred on or prior to the date of the Stipulation. The Liquidating Trustee shall release and forever disclaim any interest or claim the Liquidating Trustee or the Liquidating Trust may now have or have in the future in the proceeds of the Policies. This release is not intended to release the Liquidating Trustee's claims, if any, against third parties who are not parties to the Settlement Agreement and who are not deemed to be insureds under the Policies issued by the Insurers;

c) the Defendants, including all of the Nuehealth Defendants' predecessors, successors, affiliates and related entities, shall be deemed to have fully and irrevocably released and forever discharged the Liquidating Trustee, the Liquidating Trust, the Bankruptcy Estate and the Oversight Committee (collectively, the "Liquidating Trustee Released Parties") from any and all claims, scheduled claims, proofs of claim, complaints, demands, actions, charges, allegations, causes of action, suits, liabilities, obligations, promises, contracts, agreements, damages, losses, expenses and costs (including, without limitation, actual court costs and attorneys' fees) of whatever nature and kind, known and unknown, fixed or contingent, wherever made, filed or prosecuted, and whether or not yet asserted, in connection with the Liquidating Trustee's claims or potential claims against the Defendants or any other claims, including but not limited to scheduled or filed claims, in connection with the Debtor, the Liquidating Trust, or the Debtor's Bankruptcy Case, the Adversary Proceeding, and/or Miami International Medical Center LLC, which the Defendants and/or Insurers may now or hereafter have against the Liquidating Trustee Released Parties or any of them by reason of any debt, scheduled claim, proof of claim, matter, cause, action, omission or failure to act which has occurred on or prior to the date of the Settlement Agreement, including any claim the Defendants and/or Insurers would have against the Debtor's Bankruptcy Estate or Liquidating Trust under 11 U.S.C. § 502(h);

d) except as provided in the Stipulation regarding Claim No. 135 filed by Miami Anesthesia Services, which remains pending, any claim scheduled by the Debtor or any proof of claim that the Defendants have or could have filed in the Bankruptcy Case shall be deemed withdrawn with prejudice, and the Defendants agree not to file any proofs of claim in the Bankruptcy Case in the

future, nor shall the Defendants receive any distribution from the Liquidating Trustee or Liquidating Trust;

e) each of the Defendants and their affiliated entities shall be deemed to have fully and irrevocably released and discharged each other from any and all claims, complaints, demands, actions, charges, allegations, causes of action, suits, liabilities, obligations, promises, contracts, agreements, damages, losses, expenses and costs (including, without limitation, actual court costs and attorneys' fees) of whatever nature and kind, known and unknown, fixed or contingent, wherever made, filed or prosecuted, and whether or not yet asserted, arising out of the subject matter of this litigation, or which otherwise relate to The Miami Medical Center or any investments related thereto;

f) upon payment by the Insurers of the Settlement Amount, and the payment of any defense costs due and owing under the applicable Policies, each of the Defendants shall fully release and discharge the Insurers from any additional obligation under their respective Policies;

g) any statute of limitations period for the Liquidating Trustee to object to claims of, or bring claims against, the NueHealth Defendants or any other party bound by the Tolling Agreements by and between the Liquidating Trustee and the NueHealth Defendants on their behalf and on behalf of related parties that has not expired as of the date of the Stipulation shall be deemed tolled until and through twenty-one (21) days after an order adjudicating the Stipulation becomes final and nonappealable;

h) Defendants agree to reasonably cooperate with the Liquidating Trustee in connection with the Design Professional Litigations as set forth in the Stipulation ; and

i) the Parties agree that the Stipulation is a settlement and compromise of disputed claims, and that such settlement is not to be construed as an admission on the part of any of the Insureds Released Parties or any of the Insurers of any liability or responsibility at any time or for any purpose whatsoever.

30. Upon approval of the Stipulation and remittance of the Settlement Amount, the Liquidating Trust will have an estimated cash value of approximately $3 million (the "Estimated Liquidating Trust Value"), at which point the Liquidating Trustee shall endeavor to make a significant interim distribution to holders of allowed general unsecured claims as quickly as

possible, after providing for a reserve amount sufficient to cover the administrative costs of the Liquidating Trust and pursuit of further recoveries.

31. The Liquidating Trustee submits that the terms of the Stipulation are fair and equitable, and its approval is in the best interest of the Debtor's estate and creditors. In particular, approval of the Stipulation will enable the Liquidating Trust to avoid the uncertainty of further litigation with the Defendants and the costs of such litigation, which would be considerable given that the litigation would involve a large number of insurers, D&Os and other NueHealth Defendants, and their respective counsel, and the reduction of total insurance coverage by the amount of legal fees incurred in defending the action.

32. Early resolution of the dispute and approval of the Stipulation are therefore in the best interests of the Liquidating Trust.

## LEGAL ARGUMENT

*I. The Stipulation Meets the Application Legal Standard for Approval*

33. This Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Bankruptcy Rule 9019 grants the Court authority to approve settlements of claims and controversies after notice and a hearing.[5] *GMGRSST, Ltd. v. Menotte (In re Air Safety Int'l, L.C.*), 336 B.R. 843, 852 (S.D. Fla. 2005). Under this authority, this Court has emphasized that the "starting point in analyzing any proposed settlement agreement is the general policy of encouraging settlements and favoring

[5] Bankruptcy Rule 9019 provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."



agentis Legal Advocates & Advisors

55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

compromises." *In re Harbour E. Dev., Ltd.*, 2012 WL 1851015, at *5 (Bankr. S.D. Fla. May 21, 2012).

34. Approval of a settlement in bankruptcy proceedings is within the sound discretion of the Court and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *See In re Arrow, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). In determining the reasonableness of a settlement, the test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id.* at 891; *see also In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993).

35. The legal standard for approval of settlements in the Eleventh Circuit is set forth in *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990). The standard set forth in *Justice Oaks* requires that the Court consider the:

(a) probability of success in litigation;

(b) difficulties, if any, to be encountered in the matter of collection;

(c) complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and

(d) paramount interest of the creditors and a proper deference to their reasonable views in the premises.

36. The Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019.4 (15th ed.) (quoting *In re Drexel Lambert Group, Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991)). *See also, Cosoff v. Rodman (In re W.T. Grant Co)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983).



agentis
Legal Advocates & Advisors
55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

37. In applying these standards to this case, the Liquidating Trustee believes that the Stipulation is in the best interests of the estate and its creditors, is fair and equitable, falls well within the requisite "range of reasonableness," and satisfies the legal standard set forth in *Justice Oaks* as follows:

a) **<u>Probability of Success in Litigation</u>**: Although the Liquidating Trustee believes that he would likely be successful in litigating claims against a majority, if not all, of the Defendants, litigation with such a large number of insureds (30+) brings with it considerable challenges affecting the odds of success. Furthermore, the complex legal and factual issues involved in the Adversary Proceeding (including breaches of fiduciary duties, alter ego claims, mismanagement, and undercapitalization of the Debtor), potential claims against the NueHealth Defendants and claims between the Parties introduce a measure of uncertainty into the litigation process. Moreover, if the insurance policies covering the Defendants were exhausted prior to a complete recovery, the Liquidating Trustee would be faced with additional litigation, as well as costs and delays, in pursuing personal liability against the Individual Defendants in what might ultimately turn out to be a futile endeavor with bleak chances of recovery. Thus, when balanced, the probability for success should weigh in favor of the Liquidating Trustee, but not without significant hurdles.

b) **<u>Difficulties, if any, to be Encountered in the Matter of Collection</u>**: If successful, the Liquidating Trustee believes that he may encounter challenges in collecting amounts greater and above the Settlement



agentis Legal Advocates & Advisors
55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

Amount. As set forth above, the estimated total value underlying the Liquidating Trustee's theory of damages was in the range of $16 million. Total coverage under the Policies would amount to $7 million, minus policy proceeds spent by the Defendants defending the Liquidating Trustee's claims, as well as additional costs incurred in likely appeals, very well may result in access to insurance proceeds of less than the Settlement Amount. Additionally, when considering the time value of money, the Settlement Amount today, which will allow for a significant distribution to unsecured creditors as soon as possible, is a better result than potentially years of contested litigation while wasting insurance policies wither. At bottom, the longer the dispute and/or litigation continues, the less coverage there will be to satisfy a potential money judgment. The Liquidating Trustee would then be left to seek recovery directly against the Defendants, a recovery which would be significantly less reliable than a recovery from the Policies.

c) **Complexity of the Litigation Involved**: The potential claims against the Defendants are both numerous and complex, involving more than 30 former directors and officers of the Debtor. Because this type of litigation is highly fact-driven, litigation of these issues would be extensive and time consuming, and the potential to resolve fact issues by dispositive motions is limited, rendering this a matter that, if not settled, would likely need to be tried before a finder of fact. Also, the national nature of many of the NueHealth Defendants could necessitate culling evidence from numerous

locations and considerable travel to acquire necessary discovery. Consequently, throughout the process, the litigation itself would be costly and steadily diminish the primary financial assets available to the Defendants—proceeds from the Policies.

d) **Expense, Inconvenience, and Delay**: The Liquidating Trust would not likely incur substantial administrative costs in pursuing the Adversary Proceeding because the Liquidating Trustee's co-counsels have accepted representation on a contingency basis. Nonetheless, as noted above, the Policies are wasting assets, and the expense of defense costs, the inconvenience of evidence and witnesses being spread across numerous locations, and the likelihood that this matter would progress to trial if a negotiated settlement is not reached, all weigh in favor of approving the Stipulation. The Stipulation, if approved by the Court, will go far in preserving and maximizing the available proceeds from the Policies for the benefit of creditors, rather than denying creditors any benefit of the Policies in lieu of diverting all of their value for defense costs. Importantly, the early resolution of these matters pursuant to the Stipulation allow for a much more expedient distribution to creditors, rather than delaying recovery for several years while the case is litigated.

e) **Paramount Interest of Creditors**: The approval of the Stipulation is in the best interest of creditors and all parties in interest. A final resolution of the issues without further litigation will result in substantial economic benefit to the Liquidating Trust that will be the catalyst for a significant

distribution to creditors in a case where any distribution to general unsecured creditors was originally considered improbable if not impossible. While a delay in such a distribution due to continued litigation of the Adversary Proceeding may also result in a distribution to creditors, putting funds into the hands of creditors now is more desirable, and certainly less risky, than the alternative. Distribution of funds to creditors may be capable of being accomplished before or about the beginning of the coming year, whereas continued litigation with the Defendants would undoubtedly result in protracted and expensive proceedings before the Court, would undoubtedly significantly delay any distribution, and could expose creditors to a risk of no recovery on the relevant claims. Thus, approval of the Stipulation provides the Liquidating Trustee the ability to best and timely serve the paramount interest of creditors, which includes the recovery of $2.8 million and wiping out over $11 million in filed proofs of claim by and among some of the Defendants and related parties.

38. Accordingly, the Liquidating Trustee, in his business judgment, believes that entering into the Stipulation is not only fair and equitable, but also in the best interests of the Liquidating Trust and its beneficiaries, the Debtor's creditors.

39. Based on the foregoing, the Liquidating Trustee respectfully submit that there is good and sufficient cause for the Court to approve the Stipulation.

**NOTICE**

40. Notice of this Motion has been provided to the following parties: (a) the Office of the United States Trustee for the Southern District of Florida; (b) counsel to the Defendants; (c)

holders of General Unsecured Claims; (d) counsel to the Parties to the Stipulation; and (e) all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002.

**NO PRIOR REQUEST**

41. No prior application for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 11 case.

WHEREFORE, the Liquidating Trustee respectfully requests that this Court enter an Order approving the Stipulation, granting the relief requested herein and such other and further relief as is just and proper.

Dated: October 26, 2020

**AGENTIS, PLLC**
*Co-Counsel for the Liquidating Trustee*
55 Alhambra Plaza, Suite 800
Coral Gables, FL 33134
T: 305.722.2002

By: */s/ Robert P. Charbonneau*
Robert P.Charbonneau
Florida Bar No: 968234
rpc@agentislaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing CM/ECF to those parties registered to receive electronic notices of filing in this case on October 26, 2020.

By: */s/ Robert P. Charbonneau*
Robert P.Charbonneau
Florida Bar No: 968234
rpc@agentislaw.com

# Exhibit "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

*In re:*

| | | |
|---|---|---|
| MIAMI INTERNATIONAL MEDICAL CENTER, LLC d/b/a THE MIAMI MEDICAL CENTER, | ) | Case No. 18-12741-BKC-LMI |
| | ) | Chapter 11 |
| Debtor. | ) | |

**STIPULATION FOR SETTLEMENT WITH MUTUAL RELEASES**

This stipulation for settlement with mutual releases (the "Settlement Agreement") is made this 14th day of October, 2020 by, between and among (i) the Liquidating Trustee (the "Liquidating Trustee") of the Miami International Medical Center, LLC Liquidating Trust (the "Liquidating Trust"); (ii) Naaman Abdullah, James Adamson, Stephen Alex, Luis R. Allende-Ruiz, Beverly Arroyo, Alan Behr, Georgiy Brusovanik, Peter Cole, John Foudray, Jon Friesen, David L. Galbut, Christian Gonzalez, David Hensley, Lee Huntley, Jonathan Hyde, Raymond Kelly, Sheila Knoepke, Aren Laljie, Greg Larocque, Jeff Mason, Roberto Miki, Jim Morse, Timothy O'Brien, Mary Ryan, Michael Reed, Dan Saale, Mona Sabagh, Glenn Salkind, John Schario, Andre Kevin Standefer a/k/a Kevin Standefer, Javier Vizoso, Marty Winslow, Lenora Woolsey, and Shane Zamani (collectively, the "Individual Defendants"); and (iii) Daniel R. Tasset, Astoria Property Company, LLC f/k/a Nueterra Properties Group, LLC; Benefit Management, LLC; NMFLP, LLC; NueHealth Equity Co., LLC, f/k/a NueHealth Equity Holders, LLC; NueHealth Holdings, LLC a/k/a NueHealth LLC; NueHealth Management Services, LLC, f/k/a Nueterra Healthcare Management, LLC; NueHealth Miami, LLC; Nueterra Capital, LLC, f/k/a Nueterra Metaholdings, LLC; Nueterra Equity Partners, LLC f/k/a Nueterra Holdings LLC; Nueterra Healthcare Re; and Nueterra Holdings Management, LLC (collectively, the "NueHealth Defendants," together with the Individual Defendants, the "Defendants"). The Liquidating Trustee, the Individual Defendants, and the NueHealth Defendants are referred to hereafter collectively as the "Parties," and each individually, a "Party."

**RECITALS**

WHEREAS, the Debtor was formed to develop and operate a hospital in Miami, Florida known as The Miami Medical Center (the "Hospital"). The business plan included the acquisition of an existing hospital operation, the renovation of the facility as part of a sizeable construction project (the "Construction Project"), and the reopening and operating of the Hospital as partially physician-owned.

WHEREAS, the Construction Project encountered electrical engineering deficiencies, negligence and/or malpractice in design, as well as negligence or malpractice in the administration and overall design of the project, and certain cost overruns and delays, which are the subject of pending litigation brought by, or presently being pursued by, the Liquidating Trustee against RC

Group, Inc. and Reinerio P. Cruz (together, "RCG") in Adversary Proceeding Number 18-01457-LMI pending before the United States Bankruptcy Court for the Southern District of Florida and against Harvard Jolly Architecture, Inc. ("HJ," together with RCG, the "Design Professional Defendants") in American Arbitration Association Case No. 02-18-0004-3396 pending before the American Arbitration Association (collectively, the "Design Professional Litigations").

WHEREAS, certain of the Defendants and/or through their affiliates or employers managed components of the Debtor, which encountered a liquidity crunch, lower than budgeted patient volume and payor reimbursement levels, as well as other financial issues including both financing and vendor debt, which together led to the Hospital shutting down and filing of the above-captioned Chapter 11 case on March 9, 2018 (the "Bankruptcy Case").

WHEREAS, certain Defendants provided prepetition capital contributions, loans and/or other services to the Debtor, which remain unpaid. In the Debtors' Bankruptcy Case, certain Defendants, including the NueHealth Defendants and related parties, have scheduled claims or filed proofs of claim, and sought reimbursement of administrative expenses and general unsecured claims, including but not limited to, the following:

| Claimant | Schedule / Claim No/ ECF No. | Claim Amount | Claim Type |
|---|---|---|---|
| Astoria Property Company LLC f/k/a Nueterra Properties Group, LLC | 120 | $29,325.42 | Unsecured |
| Benefit Management, LLC | 121 | $61,934.64 | Unsecured |
| Nueterra Equity Partners, LLC | 122 | $5,666,316.01 | Unsecured |
| NMFLP, LLC | 123U<br>123S | $5,017,844.93<br>$324,797.93 | Unsecured<br>Secured |
| Nueterra Equity Partners | ECF Nos. 442 and 514 | $30,000.00 | Admin. Expense |
| Nueterra Healthcare RE | Schedule F | $205,946.87 | Unsecured |
| Nueterra Holding LLC | Schedule F | $214,758.74 | Unsecured |
| Nuecaptive Insurance SOL | Schedule F | $5,755.50 | Unsecured |
| Dan Saale | Schedule F | $42.80 | Unsecured |
| **TOTAL** | | **$11,556,722.84** | |

WHEREAS, for the avoidance of doubt, the scheduled claims of Miami Hospital Holdings LLC, an entity in which certain NueHealth Defendants held or hold an interest, in the amounts of $14,823,986 and $1,566,953.59, have been disposed of in the *Order Sustaining Liquidating Trustee's Fourth Omnibus Objection to Claim(s)* [ECF No. 720].

WHEREAS, the Liquidating Trustee was appointed pursuant to the First Amended Liquidating Chapter 11 Plan in the Bankruptcy Case. The Liquidating Trustee then filed Adversary Proceeding No. 20-01092-LMI pending before this Court against the Individual Defendants ("Adversary Proceeding 20-1092"), and also obtained a pending tolling agreement against the NueHealth Defendants (including all predecessors, successors, affiliates and related entities of the NueHealth Defendants), in which the Liquidating Trustee asserted claims or an intention to assert any and all claims against Defendants in connection with and/or in relation to the Debtor, the Hospital, the Construction Project, and the Bankruptcy Case, and opposed or would oppose the scheduled claims, filed proofs of claim and administrative expense claim filed, asserted or that could be filed and/or asserted by Defendants in relation to the Debtor, the Hospital or the Bankruptcy Case.

WHEREAS, certain of the Parties, including the Liquidating Trustee and the NueHealth Defendants, have been engaging in ongoing settlement discussions and discovery exchange, as well as discussing the various legal claims, theories and defenses to facilitate an efficient process and potential consensual resolution. The Liquidating Trustee participated in an 18-hour formal and confidential mediation conference facilitated by a third party neutral, along with the Defendants and all insurance carriers who participated in the mediation on October 9 and 10, 2020, with a full reservation of rights, including Tokio Marine Specialty Insurance Company, Beazley Insurance Company, and Continental Casualty Company, and their parents, subsidiaries, affiliates and reinsurers (collectively, "Insurers") with respect to Policy No. PSD1352583, Policy No. V110D4180901, and Policy No. 596841931 (the "Policies"), respectively. The Liquidating Trustee, the Defendants and the Insurers were afforded the opportunity to be represented at the mediation by separate and independent legal counsel.

WHEREAS, after a thorough analysis by each Party of the probabilities of success on the Liquidating Trustee's theories of recovery and the defenses, and scheduled and filed claims in the Bankruptcy Case, the Parties determined to reach a compromise relating to the matters in dispute or that could have been raised in connection with, or related to, the Debtor, the Hospital, the Construction Project, scheduled claims, proofs of claim and administrative expense claims filed in the Bankruptcy Case, and all other matters that were raised or could have been raised between the Parties in connection with same, including, but not limited to, as to all potential insurance coverage by the Insurers under the Policies and by and among each of the Defendants and any potential claims for indemnification or contribution. The claims asserted or that could have been asserted by the Liquidating Trustee, as well as the defenses, scheduled claims, proofs of claim and litigation cross claims that could have been raised by and among the Defendants involve complex issues of fact and law, the outcome of which is uncertain. The Parties wish to avoid the risk, expense and delay associated with litigating the claims that could be asserted by and among the Parties.

## TERMS OF AGREEMENT

NOW, THEREFORE, in consideration of the foregoing, the mutual promises contained herein, and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound, hereby stipulate and agree as follows:

1. Recitals Incorporated. The Recitals and prefatory phrases and paragraphs set forth above are incorporated in full and made a part of this Settlement Agreement.

2. Settlement Amount. Within thirty (30) days after entry of a final, nonappealable order by the Bankruptcy Court approving this Settlement Agreement pursuant to Bankruptcy Rule 9019, the Defendants or additional insureds under the Policies shall cause the Insurers to pay the Liquidating Trustee, and the Liquidating Trustee agrees to accept, $2,800,000.00 (the "Settlement Funds") in full and final settlement of the Liquidating Trustee's claims or potential claims against the Defendants, additional insureds under the Policies and all other persons and entities released by this Settlement Agreement. The Parties agree that this settlement is a compromise of disputed claims, and that such settlement is not to be construed as an admission on the part of any of the Insureds Released Parties (defined below) or any of the Insurers of any liability or responsibility at any time or for any purpose whatsoever.

3. Authority to Enter Agreement. Defendants represent and warrant that each of the Defendants has authority to enter into and perform their obligations under this Settlement Agreement. Liquidating Trustee represents and warrants that the Liquidating Trust has the authority to enter into this Settlement Agreement and that it has the approval of the Liquidating Trustee Oversight Committee (the "Oversight Committee") to agree to the terms set forth in this Settlement Agreement. All Parties agree to request approval of this Settlement Agreement from the Court pursuant to Bankruptcy Rule 9019 ("Approved Order").

4. Bankruptcy Court Approval. This Settlement Agreement is subject to, and conditioned upon, the approval of the Bankruptcy Court. If, for any reason, this Settlement Agreement is not approved by the Bankruptcy Court or that approval does not become final and nonappealable, this Settlement Agreement (and any terms or releases contained herein) shall be deemed null and void and neither the terms and statements contained in this Settlement Agreement, nor any correspondence or documents exchanged between the Parties which was related to the mediation, negotiation, drafting or approval of this Settlement Agreement, shall be argued or deemed to be an admission against any Party's interest in any litigation between the Parties.

5. Unexpired Statute of Limitations Period Tolled Pending Settlement. Any statute of limitations period for the Liquidating Trustee to object to claims of, or bring claims against, the NueHealth Defendants or any other party bound by the tolling agreement by and between the Liquidating Trustee and the NueHealth Defendants on their behalf and on behalf of related parties (the "Tolling Agreement," Case No. 18-12741-LMI; ECF Dkt. No. 798) that has not expired as of the date of this Settlement Agreement shall be deemed tolled until and through twenty-one (21) days after an order adjudicating the Settlement Agreement becomes final and nonappealable. This provision shall not extend any statute of limitations period for the Liquidating Trustee to bring claims against the parties to the Tolling Agreement that expired prior to October 8, 2020, the date of the Tolling Agreement.

6. Mutual Releases. The Liquidating Trustee on the one hand, and the Defendants on the other hand, mutually release one another for claims made or that could have been made as set forth below.

(A) *In Favor of Defendants and Insurers:*

Except for the obligations created by this Settlement Agreement, by and with the Liquidating Trustee's receipt of the Settlement Funds, the Liquidating Trustee and the Liquidating Trust shall be deemed to have fully and irrevocably released and forever discharged the Defendants and any and all other potential insureds under any of the Policies issued by the Insurers (collectively, the "Insureds Released Parties") from any and all claims, complaints, demands, actions, charges, allegations, causes of action, suits, liabilities, obligations, promises, contracts, agreements, damages, losses, expenses and costs (including, without limitation, actual court costs and attorneys' fees) of whatever nature and kind, known and unknown, fixed or contingent, wherever made, filed or prosecuted, and whether or not yet asserted, including, but not limited to, the Liquidating Trustee’s claims or potential claims against the Defendants or the Policies or any other claims in connection with the Debtor or the Debtor’s Bankruptcy Estate, which the Liquidating Trustee or the Liquidating Trust may now or hereafter have against the Defendants and Insureds Released Parties or any of them by reason of any matter, cause, action, omission or failure to act which has occurred on or prior to the date of this Settlement Agreement; excepting only such obligations, promises and agreements as expressly set out in this Settlement Agreement. For the purpose of this release, the Insureds Released Parties includes the affiliates of the Defendants and all present and former officers, directors, managers, agents, employees, members, attorneys and representatives in their capacities as such, and the Insurers for any liability, claim, or coverage whatsoever in connection with, relating to, or under the Policies. Insureds Released Parties also includes Miami Hospital Holdings, LLC, its officers and managers, and the officers, employees, directors, members and managers of Miami International Medical Center LLC.

For the avoidance of doubt, except for the obligations created by this Settlement Agreement, the Liquidating Trustee releases and forever disclaims any interest or claim the Liquidating Trustee or the Liquidating Trust may now have or have in the future in the proceeds of the Policies. This release is not intended to release the Liquidating Trustee's claims, if any, against third parties who are not parties to this Settlement Agreement and who are not deemed to be insureds under the Policies issued by the Insurers. Notwithstanding any other provision herein, nothing in this Settlement Agreement shall be deemed or construed to limit or release, and nothing herein does limit or release, the Design Professional Defendants from the Design Professional Litigations or the claims asserted against them in the Design Professional Litigations or any interest in connection with or related to the Design Professional Defendants' insurance policies for the claims asserted against the Design Professional Defendants in the Design Professional Litigations. In addition, notwithstanding any other provision herein, nothing in the Settlement Agreement shall be deemed or construed to limit or release, and nothing does limit or release, AC Technical Services, LLC, Alemany Building Solutions Corp., or Alemany Building Solutions, LLC.

(B) *In Favor of Liquidating Trustee and Debtor’s Bankruptcy Estate:*

Except for the obligations created by this Settlement Agreement, by and with the Liquidating Trustee's receipt of the Settlement Funds, the Defendants, including all of the NueHealth Defendants' predecessors, successors, affiliates and related entities, shall be deemed to have fully and irrevocably released and forever discharged the Liquidating Trustee, the Liquidating

Trust, the Bankruptcy Estate and the Oversight Committee (collectively, the "Liquidating Trustee Released Parties") from any and all claims, scheduled claims, proofs of claim, complaints, demands, actions, charges, allegations, causes of action, suits, liabilities, obligations, promises, contracts, agreements, damages, losses, expenses and costs (including, without limitation, actual court costs and attorneys' fees) of whatever nature and kind, known and unknown, fixed or contingent, wherever made, filed or prosecuted, and whether or not yet asserted, in connection with the Liquidating Trustee's claims or potential claims against the Defendants or any other claims, including but not limited to scheduled or filed claims, in connection with the Debtor, the Liquidating Trust, or the Debtor's Bankruptcy Case, Adversary Proceeding 20-1092, and/or Miami International Medical Center LLC, which the Defendants and/or Insurers may now or hereafter may have against the Liquidating Trustee Released Parties or any of them by reason of any debt, scheduled claim, proof of claim, matter, cause, action, omission or failure to act which has occurred on or prior to the date of this Settlement Agreement, including any claim the Defendants and/or Insurers would have against the Debtor's Bankruptcy Estate or Liquidating Trust under 11 U.S.C. § 502(h); excepting only such obligations, promises and agreements as expressly set out in this Settlement Agreement. For the purpose of this release, the Liquidating Trustee Released Parties includes all of the Liquidating Trustee Released Parties' present and former officers, directors, managers, agents, employees, members, insurers, attorneys and representatives.

Subject to paragraph 7 below, the Defendants agree that any claim scheduled by the Debtor or any proof of claim that they have or could have filed in the Debtor's Bankruptcy Case shall be deemed withdrawn with prejudice and agree not to file any future proofs of claim in the Debtor's Bankruptcy Case, and they shall not receive any distribution from the Liquidating Trustee or the Liquidating Trust.

(C) *In favor of Defendants and Insurers on Claims or Potential Claims Against Each Other.*

Each of the Defendants and their affiliated entities shall, by this Settlement Agreement, be deemed to have fully and irrevocably released and discharged each other from any and all claims, complaints, demands, actions, charges, allegations, causes of action, suits, liabilities, obligations, promises, contracts, agreements, damages, losses, expenses and costs (including, without limitation, actual court costs and attorneys' fees) of whatever nature and kind, known and unknown, fixed or contingent, wherever made, filed or prosecuted, and whether or not yet asserted, arising out of the subject matter of this litigation, or which otherwise relate to The Miami Medical Center or any investments related thereto. Upon payment by the Insurers of the Settlement Funds identified in paragraph 2 above, and the payment of any defense costs due and owing under the applicable policies, each of the Defendants further fully release and discharge the Insurers from any additional obligation under their policies.

7. Reserved Claim. The withdrawal/waiver of scheduled claims and proofs of claim in the Debtor's Bankruptcy Case or against the Liquidating Trust does not include Claim No. 135 filed by Miami Anesthesia Services, which remains pending. The Defendants, including the NueHealth Defendants (including all predecessors, successors, affiliates and related entities of the NueHealth Defendants) represent and warrant that they have not assigned, pledged, subrogated or in any way transferred, or agreed to assign, subrogate or transfer, and will not assign, pledge,

subrogate or in any way transfer, all or any portion of any claim released by this Settlement Agreement.

8. Governing Law. Florida law applies to this Settlement Agreement without regard for any choice-of-law rules that might direct the application of the laws of any other jurisdiction.

9. Joint Drafting. This Settlement Agreement shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Settlement Agreement, no provisions shall be construed and interpreted for or against any of the Parties because such provisions or any other provision of the Settlement Agreement as a whole is purportedly prepared or requested by such Party.

10. Acknowledgement of Terms/Voluntary Agreement. The Parties acknowledge and agree that: (i) they have completely read and fully understand this Settlement Agreement and have voluntarily accepted the terms contained herein for the purposes of making a full and final compromise, adjustment and settlement; and (ii) they have determined that this settlement is fair and reasonable under all the circumstances and that this determination is based solely upon their independent judgment and, that in making this determination, they have had an adequate opportunity to discuss and assess the merits of all claims or potential claims.

11. Dismissal of the Adversary Proceeding. No later than ten (10) calendar days after the Liquidating Trustee's receipt of the Settlement Funds, each Party shall execute and the Liquidating Trustee shall file with the Court a Dismissal Stipulation to cause a dismissal, with prejudice, of all claims asserted by the Liquidating Trustee in Adversary Proceeding 20-1092, with the Parties bearing their own attorneys' fees and costs, including, but not limited to, with respect to this Settlement Agreement.

12. Cooperation. Defendants agree to reasonably cooperate with the Liquidating Trustee in connection with the Design Professional Litigations. The Liquidating Trustee will reimburse the reasonable expenses of any Defendant it requests to provide cooperation.

13. Defense Costs. The Parties agree and will cooperate to allow the relief from stay to remain in place in the Bankruptcy Case to enable Insurers to pay defense costs up to and until 30 days following the date the Bankruptcy Rule 9019 Approval Order becomes final and nonappealable.

14. Entire Agreement. This Settlement Agreement and the Approval Order (when entered) set forth all of the promises, covenants, agreements, conditions and understandings between the Parties with respect to the subject matter hereof and supersede any prior negotiations of the Parties, whether at the mediation or otherwise. Each Party warrants that this Settlement Agreement is executed without reliance upon any statement or representation by any other Party, except as expressly stated herein.

15. Amendment. The terms of this Settlement Agreement shall not be altered, amended, modified or otherwise changed in any respect except by a writing duly executed by all of the Parties.

16. Binding Agreement. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and assigns.

17. Counterparts; Electronic Signatures. This Settlement Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same Settlement Agreement, and the signature pages from any counterpart may be appended to any other counterpart to assemble fully-executed counterparts. Counterparts of this Settlement Agreement also may be exchanged via electronic machines, and an electronic facsimile or electronic mail copy of any Party's signature shall be deemed to be an original signature for all purposes.

The Parties, themselves or through their duly authorized representatives, have caused this Settlement Agreement to be executed indicated below.

*[Remainder of Page Intentionally Left Blank]*

FINAL EXECUTION DRAFT

| | |
|---|---|
| | Liquidating Trustee<br><br>By: [signature]<br>Dated: 10/15/2020<br><br>Email: cliff.zucker@fticonsulting.com |
| Daniel R. Tasset<br><br>By: __________<br>Dated: __________<br><br>Email:__________ | Astoria Property Company, LLC f/k/a Nueterra Properties Group, LLC; Benefit Management, LLC; NMFLP, LLC; NueHealth Equity Co., LLC, f/k/a NueHealth Equity Holders, LLC; NueHealth Holdings, LLC a/k/a NueHealth LLC; NueHealth Management Services, LLC, f/k/a Nueterra Healthcare Management, LLC; NueHealth Miami, LLC; Nueterra Capital, LLC, f/k/a Nueterra Metaholdings, LLC; Nueterra Equity Partners, LLC f/k/a Nueterra Holdings LLC; Nueterra Healthcare Re; and Nueterra Holdings Management, LLC (the "NueHealth Defendants"), including all of the NueHealth Defendants' affiliates and related entities not specifically named herein<br><br>By: __________<br>Its: __________<br><br>Email:__________ |
| Naaman Abdullah<br><br>By: __________<br>Dated:__________<br><br>Email:__________ | James Adamson<br><br>By: __________<br>Dated:__________<br><br>Email:__________ |

FINAL EXECUTION DRAFT

| | |
|---|---|
| | Liquidating Trustee<br><br>By: __________________<br>Dated: __________________<br><br>Email:__________________ |
| Daniel R. Tasset<br><br>By: __________________<br>Dated: 10/15/2020<br><br>Email:__________________ | Astoria Property Company, LLC f/k/a Nueterra Properties Group, LLC; Benefit Management, LLC; NMFLP, LLC; NueHealth Equity Co., LLC, f/k/a NueHealth Equity Holders, LLC; NueHealth Holdings, LLC a/k/a NueHealth LLC; NueHealth Management Services, LLC, f/k/a Nueterra Healthcare Management, LLC; NueHealth Miami, LLC; Nueterra Capital, LLC, f/k/a Nueterra Metaholdings, LLC; Nueterra Equity Partners, LLC f/k/a Nueterra Holdings LLC; Nueterra Healthcare Re; and Nueterra Holdings Management, LLC (the "NueHealth Defendants"), including all of the NueHealth Defendants' affiliates and related entities not specifically named herein<br><br>By: __________________<br>Its: Authorized Agent<br><br>Email:__________________ |
| Naaman Abdullah<br><br>By: __________________<br>Dated:__________________<br><br>Email:__________________ | James Adamson<br><br>By: __________________<br>Dated:__________________<br><br>Email:__________________ |

| | |
|---|---|
| | Liquidating Trustee<br><br>By: _________________________<br>Dated: ______________________<br><br>Email:_______________________ |
| Daniel R. Tasset<br><br>By: _________________________<br>Dated: ______________________<br><br>Email:_______________________<br><br>10/15/20 2:40 PM | Astoria Property Company, LLC f/k/a Nueterra Properties Group, LLC; Benefit Management, LLC; NMFLP, LLC; NueHealth Equity Co., LLC, f/k/a NueHealth Equity Holders, LLC; NueHealth Holdings, LLC a/k/a NueHealth LLC; NueHealth Management Services, LLC, f/k/a Nueterra Healthcare Management, LLC; NueHealth Miami, LLC; Nueterra Capital, LLC, f/k/a Nueterra Metaholdings, LLC; Nueterra Equity Partners, LLC f/k/a Nueterra Holdings LLC; Nueterra Healthcare Re; and Nueterra Holdings Management, LLC (the "NueHealth Defendants"), including all of the NueHealth Defendants' affiliates and related entities not specifically named herein<br><br>By: _________________________<br>Its: _________________________<br><br>Email:_______________________ |
| Naaman Abdullah<br><br>By: _________________________<br>Dated: ______________________<br><br>Email:_______________________ | James Adamson<br><br>By: _________________________<br>Dated:_______________________<br><br>Email:_______________________ |
| | |



6122802

FINAL EXECUTION DRAFT

| | |
|---|---|
| | Liquidating Trustee<br><br>By: ______________________<br>Dated: ____________________<br><br>Email:_____________________ |
| Daniel R. Tasset<br><br>By: ______________________<br>Dated: ____________________<br><br>Email:_____________________ | Astoria Property Company, LLC f/k/a Nueterra Properties Group, LLC; Benefit Management, LLC; NMFLP, LLC; NueHealth Equity Co., LLC, f/k/a NueHealth Equity Holders, LLC; NueHealth Holdings, LLC a/k/a NueHealth LLC; NueHealth Management Services, LLC, f/k/a Nueterra Healthcare Management, LLC; NueHealth Miami, LLC; Nueterra Capital, LLC, f/k/a Nueterra Metaholdings, LLC; Nueterra Equity Partners, LLC f/k/a Nueterra Holdings LLC; Nueterra Healthcare Re; and Nueterra Holdings Management, LLC (the "NueHealth Defendants"), including all of the NueHealth Defendants' affiliates and related entities not specifically named herein<br><br>By: ______________________<br>Its: ______________________<br><br>Email:_____________________ |
| Naaman Abdullah<br><br>By: ______________________<br>Dated:_____________________<br><br>Email:_____________________ | James Adamson<br><br>By: [signature]<br>Dated: 10/19/2020<br><br>Email: james@jamesgadamson.com |



6122802

| | |
|---|---|
| Stephen Alex<br><br>By: ______________<br>Dated: 10/16/2020<br><br>Email: dralex@drstephenalex.com | Luis R. Allende-Ruiz<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ |
| Beverly Arroyo<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ | Alan Behr<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ |
| Georgiy Brusovanik<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ | Peter Cole<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ |
| John Foudray<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ | Jon Friesen<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ |
| David L. Galbut<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ | Christian Gonzalez<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ |

| | |
|---|---|
| Stephen Alex<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ | Luis R. Allende-Ruiz<br><br>By: ________________<br>Dated: 10/15/2020<br><br>Email: luisallenderuiz@gmail.com |
| Beverly Arroyo<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ | Alan Behr<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ |
| Georgiy Brusovanik<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ | Peter Cole<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ |
| John Foudray<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ | Jon Friesen<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ |
| David L. Galbut<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ | Christian Gonzalez<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ |
| | |

| | |
|---|---|
| Stephen Alex<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ | Luis R. Allende-Ruiz<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ |
| Beverly Arroyo<br><br>By: [signature]<br>Dated: 10-16-2020<br><br>Email: beverly.arroyo1@gmail.com | Alan Behr<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ |
| Georgiy Brusovanik<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ | Peter Cole<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ |
| John Foudray<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ | Jon Friesen<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ |
| David L. Galbut<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ | Christian Gonzalez<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ |

| | |
|---|---|
| Stephen Alex<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Luis R. Allende-Ruiz<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Beverly Arroyo<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Alan Behr<br><br>By: [signature]<br>Dated: 10/15/2020<br><br>Email: abehr17@gmail.com |
| Georgiy Brusovanik<br><br>By: __________<br>Dated: __________<br><br>Email: | Peter Cole<br><br>By: __________<br>Dated: __________<br><br>Email: |
| John Foudray<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Jon Friesen<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| David L. Galbut<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Christian Gonzalez<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |

| | |
|---|---|
| Stephen Alex<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ | Luis R. Allende-Ruiz<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ |
| Beverly Arroyo<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ | Alan Behr<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ |
| Georgiy Brusovanik<br><br>By: Brusovanik, MD<br>Dated: 6/16/20<br><br>Email: MD@[illegible].com | Peter Cole<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ |
| John Foudray<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ | Jon Friesen<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ |
| David L. Galbut<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ | Christian Gonzalez<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ |

| | |
|---|---|
| Stephen Alex<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Luis R. Allende-Ruiz<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Beverly Arroyo<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Alan Behr<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Georgiy Brusovanik<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Peter Cole<br><br>By: [signature]<br>Dated: 10/15/2020<br><br>Email: petecole@rocketmail.com |
| John Foudray<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Jon Friesen<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| David L. Galbut<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Christian Gonzalez<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |

FINAL EXECUTION DRAFT

| | |
|---|---|
| Stephen Alex<br>By: __________<br>Dated: __________<br>Email: __________ | Luis R. Allende-Ruiz<br>By: __________<br>Dated: __________<br>Email: __________ |
| Beverly Arroyo<br>By: __________<br>Dated: __________<br>Email: __________ | Alan Behr<br>By: __________<br>Dated: __________<br>Email: __________ |
| Georgiy Brusovanik<br>By: __________<br>Dated: __________<br>Email: __________ | Peter Cole<br>By: __________<br>Dated: __________<br>Email: __________ |
| John Foudray<br>By: John R Foudray<br>Dated: 10/15/2020<br>Email: __________ | Jon Friesen<br>By: __________<br>Dated: __________<br>Email: __________ |
| David L. Galbut<br>By: __________<br>Dated: __________<br>Email: __________ | Christian Gonzalez<br>By: __________<br>Dated: __________<br>Email: __________ |



6122802

| | |
|---|---|
| Stephen Alex<br><br>By: __________<br>Dated:__________<br><br>Email:__________ | Luis R. Allende-Ruiz<br><br>By: __________<br>Dated:__________<br><br>Email:__________ |
| Beverly Arroyo<br><br>By: __________<br>Dated:__________<br><br>Email:__________ | Alan Behr<br><br>By: __________<br>Dated:__________<br><br>Email:__________ |
| Georgiy Brusovanik<br><br>By: __________<br>Dated:__________<br><br>Email:__________ | Peter Cole<br><br>By: __________<br>Dated:__________<br><br>Email:__________ |
| John Foudray<br><br>By: __________<br>Dated:__________<br><br>Email:__________ | Jon Friesen<br><br>By: [signature]<br>Dated: 10-15-20<br><br>Email: jhfriesen@hotmail.com |
| David L. Galbut<br><br>By: __________<br>Dated:__________<br><br>Email:__________ | Christian Gonzalez<br><br>By: __________<br>Dated:__________<br><br>Email:__________ |

| | |
|---|---|
| Stephen Alex<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ | Luis R. Allende-Ruiz<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ |
| Beverly Arroyo<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ | Alan Behr<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ |
| Georgiy Brusovanik<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ | Peter Cole<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ |
| John Foudray<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ | Jon Friesen<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ |
| David L. Galbut<br><br>By: [signature]<br>Dated: ____________________<br><br>Email: ____________________<br>with copy to: [handwritten email address]@ hudcap.com | Christian Gonzalez<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ |

| | |
|---|---|
| Stephen Alex<br><br>By: ______________________<br>Dated:_____________________<br><br>Email:_____________________ | Luis R. Allende-Ruiz<br><br>By: ______________________<br>Dated:_____________________<br><br>Email:_____________________ |
| Beverly Arroyo<br><br>By: ______________________<br>Dated:_____________________<br><br>Email:_____________________ | Alan Behr<br><br>By: ______________________<br>Dated:_____________________<br><br>Email:_____________________ |
| Georgiy Brusovanik<br><br>By: ______________________<br>Dated:_____________________<br><br>Email:_____________________ | Peter Cole<br><br>By: ______________________<br>Dated:_____________________<br><br>Email:_____________________ |
| John Foudray<br><br>By: ______________________<br>Dated:_____________________<br><br>Email:_____________________ | Jon Friesen<br><br>By: ______________________<br>Dated:_____________________<br><br>Email:_____________________ |
| David L. Galbut<br><br>By: ______________________<br>Dated:_____________________<br><br>Email:_____________________ | Christian Gonzalez<br><br>By: ______________________<br>Dated:_____________________<br><br>Email:_____________________ |
| | |

| | |
|---|---|
| David Hensley<br>By: [signature]<br>Dated: 10 - 15 - 2020<br>Email: dhensley@valuehealth.com | Lee Huntley<br>By: ________<br>Dated: ________<br>Email: ________ |
| Jonathan Hyde<br>By: ________<br>Dated: ________<br>Email: ________ | Raymond Kelly<br>By: ________<br>Dated: ________<br>Email: ________ |
| Sheila Knoepke<br>By: ________<br>Dated: ________<br>Email: ________ | Aren Laljie<br>By: ________<br>Dated: ________<br>Email: ________ |
| Greg Larocque<br>By: ________<br>Dated: ________<br>Email: ________ | Jeff Mason<br>By: ________<br>Dated: ________<br>Email: ________ |
| Roberto Miki<br>By: ________<br>Dated: ________<br>Email: ________ | Jim Morse<br>By: ________<br>Dated: ________<br>Email: ________ |

| | |
|---|---|
| David Hensley<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ | Lee Huntley<br><br>By: Lee S Huntley<br>Dated: 10/15/20<br><br>Email: leeshuntley@gmail.com |
| Jonathan Hyde<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ | Raymond Kelly<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ |
| Sheila Knoepke<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ | Aren Laljie<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ |
| Greg Larocque<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ | Jeff Mason<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ |
| Roberto Miki<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ | Jim Morse<br><br>By: ____________________<br>Dated: ____________________<br><br>Email: ____________________ |

| | |
|---|---|
| David Hensley<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ | Lee Huntley<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ |
| Jonathan Hyde<br><br>By: ____________________<br>Dated: 10/15/2020<br><br>Email: Spinedoc@miamispine.com | Raymond Kelly<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ |
| Sheila Knoepke<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ | Aren Laljie<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ |
| Greg Larocque<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ | Jeff Mason<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ |
| Roberto Miki<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ | Jim Morse<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ |
| | |

FINAL EXECUTION DRAFT

| | |
|---|---|
| David Hensley<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ | Lee Huntley<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ |
| Jonathan Hyde<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ | Raymond Kelly<br>Raymond Kelly<br>By: Raymond Kelly (Oct 16, 2020 00:33 PDT)<br>Dated: Oct 16, 2020<br><br>Email: cymraegray1@aol.com |
| Sheila Knoepke<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ | Aren Laljie<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ |
| Greg Larocque<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ | Jeff Mason<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ |
| Roberto Miki<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ | Jim Morse<br><br>By: ________________<br>Dated: ________________<br><br>Email: ________________ |

FINAL EXECUTION DRAFT

| | |
|---|---|
| David Hensley<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Lee Huntley<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Jonathan Hyde<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Raymond Kelly<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Sheila Knoepke<br><br>By: Sheila Knoepke<br>Dated: 10/15/2020<br><br>Email: sknoepke@valuehealth.com | Aren Laljie<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Greg Larocque<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Jeff Mason<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Roberto Miki<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Jim Morse<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |

FINAL EXECUTION DRAFT

| | |
|---|---|
| David Hensley<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ | Lee Huntley<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ |
| Jonathan Hyde<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ | Raymond Kelly<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ |
| Sheila Knoepke<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ | Aren Laljie<br><br>By: [signature]<br>Dated: 10/16/20<br><br>Email: LALJ8237@BELLSOUTH.NET |
| Greg Larocque<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ | Jeff Mason<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ |
| Roberto Miki<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ | Jim Morse<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ |

| | |
|---|---|
| David Hensley<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ | Lee Huntley<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ |
| Jonathan Hyde<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ | Raymond Kelly<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ |
| Sheila Knoepke<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ | Aren Laljie<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ |
| Greg Larocque<br><br>By: [signature]<br>Dated: 10-16-20<br><br>Email: GLARocque@Valuehealth.com | Jeff Mason<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ |
| Roberto Miki<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ | Jim Morse<br><br>By: ____________<br>Dated: ____________<br><br>Email: ____________ |

| | |
|---|---|
| David Hensley<br><br>By: __________<br>Dated:__________<br><br>Email:__________ | Lee Huntley<br><br>By: __________<br>Dated:__________<br><br>Email:__________ |
| Jonathan Hyde<br><br>By: __________<br>Dated:__________<br><br>Email:__________ | Raymond Kelly<br><br>By: __________<br>Dated:__________<br><br>Email:__________ |
| Sheila Knoepke<br><br>By: __________<br>Dated:__________<br><br>Email:__________ | Aren Laljie<br><br>By: __________<br>Dated:__________<br><br>Email:__________ |
| Greg Larocque<br><br>By: __________<br>Dated:__________<br><br>Email:__________ | Jeff Mason<br><br>By: Jeffrey S. Mason<br>Dated: 10/05/2020<br><br>Email: JMASON@ANALYTICS-LLC.NET |
| Roberto Miki<br><br>By: __________<br>Dated:__________<br><br>Email:__________ | Jim Morse<br><br>By: __________<br>Dated:__________<br><br>Email:__________ |

| | |
|---|---|
| David Hensley<br><br>By: ___<br>Dated:___<br><br>Email:___ | Lee Huntley<br><br>By: ___<br>Dated:___<br><br>Email:___ |
| Jonathan Hyde<br><br>By: ___<br>Dated:___<br><br>Email:___ | Raymond Kelly<br><br>By: ___<br>Dated:___<br><br>Email:___ |
| Sheila Knoepke<br><br>By: ___<br>Dated:___<br><br>Email:___ | Aren Laljie<br><br>By: ___<br>Dated:___<br><br>Email:___ |
| Greg Larocque<br><br>By: ___<br>Dated:___<br><br>Email:___ | Jeff Mason<br><br>By: ___<br>Dated:___<br><br>Email:___ |
| Roberto Miki<br><br>By: ___<br>Dated: 10-15-2020<br><br>Email: Miki.hand@gmail.com | Jim Morse<br><br>By: ___<br>Dated:___<br><br>Email:___ |
| | |



6122802

| | |
|---|---|
| David Hensley<br><br>By: ________________<br>Dated:________________<br><br>Email:________________ | Lee Huntley<br><br>By: ________________<br>Dated:________________<br><br>Email:________________ |
| Jonathan Hyde<br><br>By: ________________<br>Dated:________________<br><br>Email:________________ | Raymond Kelly<br><br>By: ________________<br>Dated:________________<br><br>Email:________________ |
| Sheila Knoepke<br><br>By: ________________<br>Dated:________________<br><br>Email:________________ | Aren Laljie<br><br>By: ________________<br>Dated:________________<br><br>Email:________________ |
| Greg Larocque<br><br>By: ________________<br>Dated:________________<br><br>Email:________________ | Jeff Mason<br><br>By: ________________<br>Dated:________________<br><br>Email:________________ |
| Roberto Miki<br><br>By: ________________<br>Dated:________________<br><br>Email:________________ | Jim Morse<br><br>By: James Morse<br>Dated: 10/15/20<br><br>Email: jmorse@nuehealth.com |



6122802

| | |
|---|---|
| Timothy O'Brien<br><br>By: [signature]<br>Dated: 10/15/20<br><br>Email: TDO @ ME.Com | Mary Ryan<br><br>By: ________<br>Dated: ________<br><br>Email: ________ |
| Michael Reed<br><br>By: ________<br>Dated: ________<br><br>Email: ________ | Daniel J. Saale<br><br>By: ________<br>Dated: ________<br><br>Email: ________ |
| Mona Sabagh<br><br>By: ________<br>Dated: ________<br><br>Email: ________ | Glenn Salkind<br><br>By: ________<br>Dated: ________<br><br>Email: ________ |
| John Schario<br><br>By: ________<br>Dated: ________<br><br>Email: ________ | Andre Kevin Standefer a/k/a Kevin Standefer<br><br>By: ________<br>Dated: ________<br><br>Email: ________ |
| Javier Vizoso<br><br>By: ________<br>Dated: ________<br><br>Email: ________ | Marty Winslow<br><br>By: ________<br>Dated: ________<br><br>Email: ________ |

| | |
|---|---|
| Timothy O'Brien<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Mary Ryan<br><br>By: Mary Ryan<br>Dated: 10-15-2020<br><br>Email: mryan@valueheath.com |
| Michael Reed<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Daniel J. Saale<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Mona Sabagh<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Glenn Salkind<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| John Schario<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Andre Kevin Standefer a/k/a Kevin Standefer<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Javier Vizoso<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Marty Winslow<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |

Timothy O'Brien

By: ______________________
Dated: ______________________

Email: ______________________

Mary Ryan

By: ______________________
Dated: ______________________

Email: ______________________

Michael Reed

By: ______________________
Dated: 10/15/20

Email: Mml37@aol.com

Daniel J. Saale

By: ______________________
Dated: ______________________

Email: ______________________

Mona Sabagh

By: ______________________
Dated: ______________________

Email: ______________________

Glenn Salkind

By: ______________________
Dated: ______________________

Email: ______________________

John Schario

By: ______________________
Dated: ______________________

Email: ______________________

Andre Kevin Standefer a/k/a Kevin Standefer

By: ______________________
Dated: ______________________

Email: ______________________

Javier Vizoso

By: ______________________
Dated: ______________________

Email: ______________________

Marty Winslow

By: ______________________
Dated: ______________________

Email: ______________________

| | |
|---|---|
| Timothy O'Brien<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ | Mary Ryan<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ |
| Michael Reed<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ | Daniel J. Saale<br><br>By: Daniel J Saale<br>Dated: 10/15/2020<br><br>Email: xjsdan@msn.com |
| Mona Sabagh<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ | Glenn Salkind<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ |
| John Schario<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ | Andre Kevin Standefer a/k/a Kevin Standefer<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ |
| Javier Vizoso<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ | Marty Winslow<br><br>By: ____________________<br>Dated:____________________<br><br>Email:____________________ |

| | |
|---|---|
| Timothy O'Brien<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Mary Ryan<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Michael Reed<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Daniel J. Saale<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Mona Sabagh<br><br>By: [signature]<br>Dated: Oct. 15, 2020<br><br>Email: mona.sabagh@gmail.com | Glenn Salkind<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| John Schario<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Andre Kevin Standefer a/k/a Kevin Standefer<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Javier Vizoso<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Marty Winslow<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |

| | |
|---|---|
| Timothy O'Brien<br>By: ________<br>Dated:________<br>Email:________ | Mary Ryan<br>By: ________<br>Dated:________<br>Email:________ |
| Michael Reed<br>By: ________<br>Dated:________<br>Email:________ | Daniel J. Saale<br>By: ________<br>Dated:________<br>Email:________ |
| Mona Sabagh<br>By: ________<br>Dated:________<br>Email:________ | Glenn Salkind<br>By: Glenn Salkind<br>Dated: 10/15/20<br>Email: GSALKIND@FEMWELL.COM |
| John Schario<br>By: ________<br>Dated:________<br>Email:________ | Andre Kevin Standefer a/k/a Kevin Standefer<br>By: ________<br>Dated:________<br>Email:________ |
| Javier Vizoso<br>By: ________<br>Dated:________<br>Email:________ | Marty Winslow<br>By: ________<br>Dated:________<br>Email:________ |

| | |
|---|---|
| Timothy O'Brien<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ | Mary Ryan<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ |
| Michael Reed<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ | Daniel J. Saale<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ |
| Mona Sabagh<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ | Glenn Salkind<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ |
| John Schario<br><br>By: [signature]<br>Dated: 10/12/20<br><br>Email: jhnschario@gmail.com | Andre Kevin Standefer a/k/a Kevin Standefer<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ |
| Javier Vizoso<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ | Marty Winslow<br><br>By: ______________<br>Dated: ______________<br><br>Email: ______________ |

| | |
|---|---|
| Timothy O'Brien<br><br>By: ____________________<br>Dated:___________________<br><br>Email:___________________ | Mary Ryan<br><br>By: ____________________<br>Dated:___________________<br><br>Email:___________________ |
| Michael Reed<br><br>By: ____________________<br>Dated:___________________<br><br>Email:___________________ | Daniel J. Saale<br><br>By: ____________________<br>Dated:___________________<br><br>Email:___________________ |
| Mona Sabagh<br><br>By: ____________________<br>Dated:___________________<br><br>Email:___________________ | Glenn Salkind<br><br>By: ____________________<br>Dated:___________________<br><br>Email:___________________ |
| John Schario<br><br>By: ____________________<br>Dated:___________________<br><br>Email:___________________ | Andre Kevin Standefer a/k/a Kevin Standefer<br><br>By: [signature]<br>Dated: 10/16/2020<br><br>Email: kstandefer@nueterra.com |
| Javier Vizoso<br><br>By: ____________________<br>Dated:___________________<br><br>Email:___________________ | Marty Winslow<br><br>By: ____________________<br>Dated:___________________<br><br>Email:___________________ |

FINAL EXECUTION DRAFT

| | |
|---|---|
| Timothy O'Brien<br><br>By: ______________________<br>Dated: ____________________<br><br>Email: ____________________ | Mary Ryan<br><br>By: ______________________<br>Dated: ____________________<br><br>Email: ____________________ |
| Michael Reed<br><br>By: ______________________<br>Dated: ____________________<br><br>Email: ____________________ | Daniel J. Saale<br><br>By: ______________________<br>Dated: ____________________<br><br>Email: ____________________ |
| Mona Sabagh<br><br>By: ______________________<br>Dated: ____________________<br><br>Email: ____________________ | Glenn Salkind<br><br>By: ______________________<br>Dated: ____________________<br><br>Email: ____________________ |
| John Schario<br><br>By: ______________________<br>Dated: ____________________<br><br>Email: ____________________ | Andre Kevin Standefer a/k/a Kevin Standefer<br><br>By: ______________________<br>Dated: ____________________<br><br>Email: ____________________ |
| Javier Vizoso<br><br>By: [signature]<br>Dated: 10/15/20<br><br>Email: JVizoso@Femwell.com | Marty Winslow<br><br>By: ______________________<br>Dated: ____________________<br><br>Email: ____________________ |



6122802

FINAL EXECUTION DRAFT

| | |
|---|---|
| Timothy O'Brien<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Mary Ryan<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Michael Reed<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Daniel J. Saale<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Mona Sabagh<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Glenn Salkind<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| John Schario<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Andre Kevin Standefer a/k/a Kevin Standefer<br><br>By: __________<br>Dated: __________<br><br>Email: __________ |
| Javier Vizoso<br><br>By: __________<br>Dated: __________<br><br>Email: __________ | Marty Winslow<br><br>By: Marty Winslow<br>Dated: 10-15-2020<br><br>Email: mwinslow@valuehealth.com |



6122802

| Lenora Woolsey | Shane Zamani |
|---|---|
| By: *Lenora Woolsey*<br>Dated: 10/16/2020<br><br>Email: lwoolsey@valuehealth.com | By: __________<br>Dated: __________<br><br>Email: __________ |

| | |
|---|---|
| Lenora Woolsey<br><br>By: ______________________<br>Dated:______________________<br><br>Email:______________________ | Shane Zamani<br><br>By: ______________________<br>Dated:______________________<br><br>Email:______________________ |



6122802